Commonwealth of Pennsylvania, Department of Transportation, Appellant *v.* William J. Pastuszek, Appellee.

Argued October 6, 1980, before President Judge CRUMLISH and Judges BLATT and CRAIG, sitting as a panel of three.

*John T. Clary, Jr.,* Special Assistant Attorney General, with him *William P. Culp,* Special Assistant Attorney General, *Ward T. Williams,* Chief Counsel

and *Harvey Bartle, III,* Acting Attorney General, for appellant.

*Peter J. Nolan,* for appellee.

OPINION BY PRESIDENT JUDGE CRUMLISH, December 8, 1980:

A Delaware County Common Pleas Court dismissed the Pennsylvania Department of Transportation's (PennDOT) preliminary objections and found a de facto taking of the property of William J. Pastuszek.

In July of 1976, Pastuszek filed a Petition for the Appointment of a Jury of View pursuant to Section 502(e) of the Eminent Domain Code (Code).[1] Penn-DOT filed preliminary objections averring that there had been no taking. In April of 1979, the lower court, following an evidentiary hearing, concluded that there had indeed been a de facto taking, dismissed PennDOT's preliminary objections, and ordered the previously appointed Jury of View to proceed. Penn-DOT then appealed to us.

Pastuszek's property lies in the bed of a proposed ramp (Ramp C) leading from the Commodore Barry Bridge to Kerline Street in the City of Chester. The property is bounded on one side by land acquired by the state for the proposed ramp and on the other by a street and then another parcel of land acquired for the same ramp. Ramp C is only partially completed and stops approximately 185 feet short of traversing Pastuszek's property. The other approach roads and ramps were finished sometime after the completion of the bridge, while construction of Ramp C remains stalled for a lack of funding. Furthermore, Penn-

---

[1] Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. §1-502(e).

DOT admits encroaching upon the property by the placement of a fence, and destroying a certain access to the property by the taking and blocking of an alleyway. In addition, there is evidence in the record indicating that the entire property would be taken when funding was restored by the state.

We are asked to decide only whether the lower court properly concluded that Pastuszek's averments are legally sufficient to state a cause of action for compensable injury by reason of a de facto taking. "The focus of our inquiry is whether the appellees have demonstrated by substantial evidence that a formal condemnation of their land was inevitable and that the loss of rental income[2] and the unmarketability of the property was the proximate result of the Department's activities." *Department of Transportation v. Lawton,* 50 Pa. Commonwealth Ct. 144, 150, 412 A.2d 214, 216 (1980).

Section 502(e) of the Code allows landowners to file a petition for the appointment of viewers "[i]f there has been a compensable injury suffered and no declaration therefor has been filed." This Court has held such circumstances to be a "de facto taking." *Greger v. Canton Township,* 41 Pa. Commonwealth Ct. 20, 399 A.2d 138 (1979). "Our Supreme Court has held that a taking occurs when the entity clothed with the power of eminent domain substantially deprives an owner of the use and enjoyment of his prop-

---

[2] The record indicates that after improvement to the rental property in question, the appellee has been unable to raise the rent or sell the property. PennDOT maintains, however, that there has been no rental income loss but presumably only an inability to raise the rent. This is a spurious argument, for the inability to raise rents when justified is equivalent to a loss of rental income. Further, the appellee maintains he did lower the rent of the garage on the property as a result of the PennDOT fence encroaching on his property.

erty.'' *Reilly v. Department of Environmental Resources,* 37 Pa. Commonwealth Ct. 608, 611, 391 A.2d 56, 57 (1978); (quoting *Griggs v. Allegheny County,* 402 Pa. 411, 414, 168 A.2d 123, 124 (1961), *rev'd on other grounds,* 369 U.S. 84 (1962)).

In *Conroy-Prugh Glass Co. v. Commonwealth,* 456 Pa. 384, 321 A.2d 598 (1978) our Supreme Court found a de facto taking of a commercial building located in the proposed right-of-way of the West End Bridge in Pittsburgh, although there was no acquisition, formal condemnation of surrounding properties, or any final approval or recorded highway plan, where all proposed plans included an eventual taking. This conclusion was supported by both the inevitability of a real taking based on the property's location in relation to the proposed bridge and the property owner's inability to maximize the rental use of the property.

The lower court's assessment of the instant case adequately describes what in our opinion amounts to a de facto taking:

> The actions of the Commonwealth in preparing plans for the acquisition of properties in the bed of ramp C, announcing its intentions over a period of ten years, conducting meetings with affected property owners, public officials and community leaders, acquiring properties on either side of the Petitioner's property, making offers to other property owners in the immediate area, physically intruding upon the property of the Petitioner, lead this Court to find that a de facto taking of the Petitioner's property had occurred, that, in fact, the Petitioner's property had been damaged and a cloud placed upon it so as to adversely affect the Petitioner's beneficial use and enjoyment of that property.

Our scope of review is quite clear. The lower court's findings of fact will not be disturbed if they are based upon substantial evidence.[3]

A careful review of the record thoroughly developed in the court below, when taken in the present factual and legal context, convinces us that substantial evidence exists to support a dismissal of the Department's preliminary objections and the findings of a de facto taking.

Affirmed.

### ORDER

. The Delaware County Common Pleas Court order, dated April 18, 1979, dismissing PennDOT's preliminary objections to a petition for appointment of viewers filed by William J. Pastuszek is hereby affirmed, and it is further ordered that the jury of view continue its appointed task of affixing a value to the property in question.

---

[3] *Greger v. Canton Township*, 41 Pa. Commonwealth Ct. 20, 24, 399 A.2d 138, 140 (1979).