Timothy J. Reilly and J. Emmett Reilly, co-partners, trading and doing business as Reilly Contracting Co. *v.* Commonwealth of Pennsylvania, Department of Environmental Resources and The General State Authority, Appellants.

Argued April 5, 1978, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS, BLATT and DISALLE.

*H. Warren Ragot,* Assistant Attorney General, with him *Theodore A. Adler,* Chief Counsel, for appellants.

*Thomas L. Kennedy,* for appellees.

OPINION BY JUDGE BLATT, September 18, 1978:

The Department of Environmental Resources (DER) and the General State Authority (appellants) appeal here from an order of the Court of Common Pleas of Luzerne County which dismissed their preliminary objections to a petition for the appointment of a board of view filed by Timothy J. and J. Emmett Reilly (appellees).

The appellees purchased a large tract of undeveloped land in Dennison Township, Luzerne County in 1961. In 1964, the County Board of Commissioners enacted a zoning ordinance under which the appellee's land was zoned Conservation or C-1 which essentially permitted uses which would not be discordant with the rural character of the area. Beginning in 1962,

however, and continuing at least until 1967, the Department of Forests and Waters (now part of DER) conducted various studies of the area around the property in connection with a proposed state park project to be known as the Nescopeck State Park. In June 1967, and at the request of the appellees, the Luzerne County Commissioners rezoned their property from C-1 to S-1 or Suburban Residence which permitted residential development of the property. When the Department of Forests and Waters learned of this rezoning, its director began correspondence with the Luzerne County Recreation and Parks Commission indicating that the rezoning of the appellees' property imperiled the park project because of the possible escalation of land values caused by the rezoning. Concerned with the possible loss of the state park project, the County Commissioners rezoned the appellees' property back to C-1 on November 15, 1967.

In June 1973, the appellees filed a petition for the appointment of a board of view pursuant to Section 502(e) of the Eminent Domain Code,[1] 26 P.S. §1-502 (e). They alleged that the Department of Forests and Waters had caused the County Board of Commissioners to rezone their property to the more restrictive C-1 zoning and that this action by the Commonwealth constituted a condemnation and complete taking of their property as of November 15, 1967, the date on which the rezoning took effect. The General State Authority filed preliminary objections asserting that the rezoning of the appellees' property by the County Commissioners did not constitute a taking and that, therefore, the appellees failed to state a cause of action. The lower court dismissed the preliminary objections. On appeal, we remanded the case

---

[1] Act of June 22, 1964, P.L. 84, Special Sess., *as amended*, 26 P.S. §1-101 et seq.

with directions to the lower court to receive evidence so that it could make a determination as to whether or not the claims of the appellees constituted a de facto taking. *Reilly v. Department of Environmental Resources*, 21 Pa. Commonwealth Ct. 611, 346 A.2d 918 (1975). After receiving evidence, the lower court again dismissed the appellants' preliminary objections and this appeal followed.

Our Supreme Court has held that a taking occurs when the entity clothed with the power of eminent domain substantially deprives an owner of the use and enjoyment of his property. *Griggs v. Allegheny County,* 402 Pa. 411, 414, 168 A.2d 123, 124 (1961), *rev'd on other grounds,* 369 U.S. 84 (1962). The lower court here essentially concluded that the appellants' actions in protesting the rezoning of the appellees' property C-1 to S-1 precipitated the zoning of the property back to C-1 and that this constituted a de facto taking by the appellants. Because we do not believe that the rezoning back to C-1, whether caused by the appellants or not, constituted a taking under the Eminent Domain Code, we must reverse the order of the lower court.

In concluding that a de facto taking had occurred, the lower court equated the use limitations imposed on the property by the C-1 zoning with the deprivation of use and enjoyment involved in a de facto taking. The enactment of an ordinance rezoning property which thereby restricts its use, however, is an exercise of municipal police power and not the power of eminent domain. This distinction was explained by our Supreme Court in *White's Appeal,* 287 Pa. 259, 264-65, 134 A. 409, 411 (1926), as follows:

Police power should not be confused with that of eminent domain. Police power controls the use of property by the owner, for the public good, its use otherwise being harmful,

> while eminent domain and taxation take property for public use. Under eminent domain, compensation is given for property taken, injured or destroyed, while under the police power no payment is made for a diminution in use, even though it amounts to an actual taking or destruction of property. . . . If . . . there is doubt as to whether the [ordinance] is enacted for a recognized police object, or if, conceding its purpose, its exercise goes too far, it then becomes the judicial duty to investigate and declare the given exercise of the police power invalid. . . .

The lower court reasoned that the rezoning took the appellees' property without just compensation because its use was therefore severely restricted. The Supreme Court in *White's Appeal, supra,* however, also considered this contention and stated:

> No matter how seemingly complete our scheme of private ownership may be under our system of government, all property is held in subordination to the right of its reasonable regulation by the government clearly necessary to preserve the health, safety, or morals of the people. Obedience to such regulation is not taking property without due process; that clause does not qualify the police power.

287 Pa. at 265, 134 A. at 411.

We do not believe that the appellees here have alleged and proven any significant deprivation of the use and enjoyment of their property such as would be necessary to support an allegation of a de facto taking. *See, e.g., Conroy-Prugh Glass Co. v. Commonwealth,* 456 Pa. 384, 321 A.2d 598 (1974); *Peter Roberts Enterprises v. Department of Transportation,* 31 Pa. Commonwealth Ct. 479, 376 A.2d 1028 (1977); *Reingold v. Urban Redevelopment Authority,*

20 Pa. Commonwealth Ct. 266, 341 A.2d 915 (1975). They have relied upon the use limitations imposed on their property by the rezoning to support their burden to establish that their property has been taken. Yet, in *Taylor v. Moore,* 303 Pa. 469, 476, 154 A. 799, 801 (1931), our Supreme Court stated that "[a]ll questions involved in zoning ordinances, whether they relate to confiscation of property or to the effect of any of the provisions of an ordinance, must be heard and considered under the remedy provided by the Zoning Act of assembly." At the time when the appellees' property was rezoned, Sections 2030 and 2031 of The County Code,[2] 16 P.S. §§2030, 2031 [repealed by Section 1201(7) of the Pennsylvania Municipalities Planning Code,[3] 53 P.S. §11201(7)] provided the exclusive remedy for challenging the constitutionality of the zoning ordinance. We believe that the appellees should then have utilized these procedures and appealed the County Commissioners' action.[4] *See Gaebel v. Thornbury Township,* 8 Pa. Commonwealth Ct. 399, 303 A.2d 57 (1973). The petition filed by them almost six years later under the Eminent Domain Code was properly objected to by the appellants.

ORDER

AND Now, this 18th day of September, 1978, the order of the Court of Common Pleas of Luzerne County docketed at 4100 of 1973 and dated March 1, 1977, is hereby reversed.

---

[2] Act of August 9, 1955, P.L. 323, *as amended,* 16 P.S. §101 et seq.

[3] Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10101 et seq.

[4] We are unpersuaded by the appellees' argument that these sections did not provide a remedy at the time of the rezoning. Section 2031(a) would have permitted judicial review of the zoning officer's denial of building permits following the rezoning.