Timothy J. Reilly and J. Emmett Reilly, Co-partners, trading and doing business as Reilly Contracting Co., Appellants *v.* Commonwealth of Pennsylvania, Department of Environmental Resources and the General State Authority, Appellees.

Submitted on briefs, December 15, 1979, to President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS, BLATT, DiSALLE and CRAIG and MACPHAIL.

*Thomas L. Kennedy,* of *Kennedy, Carlyon & Conahan,* for appellants.

*H. Warren Ragot,* Assistant Attorney General, with him, *Anthony P. Krzywicki,* Chief Counsel, for appellees.

OPINION BY JUDGE BLATT, February 20, 1980:

Timothy J. and J. Emmett Reilly (appellants) have appealed from an order of the Court of Common Pleas of Luzerne County denying a request to amend their petition for the appointment of a board of view. The appellants allege a de facto taking by the Department of Environmental Resources (DER) and the General State Authority (appellees).

In a previous appeal involving these parties, *Reilly v. Department of Environmental Resources,* 37 Pa. Commonwealth Ct. 608, 609-11, 391 A.2d 56, 57 (1978) *(Reilly II),* we set out the relevant facts:

> The appell[ant]s purchased a large tract of undeveloped land in Dennison Township, Luzerne County in 1961. In 1964, the County Board of Commissioners enacted a zoning ordinance under which the appell[ant]s' land was zoned Conservation or C-1 which essentially·

permitted uses which would not be discordant with the rural character of the area. Beginning in 1962, however, and continuing at least until 1967, the Department of Forests and Waters (now part of DER) conducted various studies of the area around the property in connection with a proposed state park project to be known as the Nescopeck State Park. In June 1967, and at the request of the appell[ant]s, the Luzerne County Commissioners rezoned their property from C-1 to S-1 or Suburban Residence which permitted residential development of the property. When the Department of Forests and Waters learned of this rezoning, its director began correspondence with the Luzerne County Recreation and Parks Commission indicating that the rezoning of the appell[ant]s' property imperiled the park project because of the possible escalation of land values caused by the rezoning. Concerned with the possible loss of the state park project, the County Commissioners rezoned the appell[ant]s' property back to C-1 on November 15, 1967.

In June 1973, the appell[ant]s filed a petition for the appointment of a board of view pursuant to Section 502(e) of the Eminent Domain Code, [Act of June 22, 1964, P.L. 84, Special Sess., *as amended,*] 26 P.S. §1-502(e). They alleged that the Department of Forests and Waters had caused the County Board of Commissioners to rezone their property to the more restrictive C-1 zoning and that this action by the Commonwealth constituted a condemnation and complete taking of their property as of November 15, 1967, the date on which the rezoning took effect. The General State Au-

thority filed preliminary objections asserting that the rezoning of the appell[ant]s' property by the County Commissioners did not constitute a taking and that, therefore, the appell[ant]s failed to state a cause of action. The lower court dismissed the preliminary objections. On appeal, we remanded the case with directions to the lower court to receive evidence so that it could make a determination as to whether or not the claims of the appell[ant]s constituted a de facto taking. Reilly v. Department of Environmental Resources, 21 Pa. Commonwealth Ct. 611, 346 A.2d 918 (1975). After receiving evidence, the lower court again dismissed the appell[ee]s' preliminary objections and this appeal followed. (Footnote omitted.)

In that appeal we held that no de facto taking had occurred as a result of the rezoning. Moreover, we denied the appellants' application for reargument, and our Supreme Court denied their petition for allocatur. Subsequently, the appellants returned to the court of common pleas seeking a rule to show cause why they should not be permitted to amend their petition by indicating that a taking occurred as of June 15, 1973, rather than November 15, 1967. The court ruled, however, that our previous decision had established that no de facto taking had occurred at all, and it therefore dismissed the matter. The appellants have appealed, and the appellees have filed a motion to dismiss the appeal.

The appellees' principal argument is that our previous decision is res judicata on the issue of a de facto taking and that the appellants should therefore not be permitted to amend their petition. The appellants argue, on the other hand, that *Reilly II* established only that a de facto taking did not occur on

November 15, 1967; they also allege that the appellees made judicial admissions as to a de facto taking as of June 15, 1973.

As our Supreme Court has observed:

It is well settled that for the doctrine of res judicata to prevail there must be a concurrence of four conditions: 1) identity of issues, 2) identity of causes of action, 3) identity of persons and parties to the action, and 4) identity of the quality or capacity of the parties suing or sued.

*Safeguard Mutual Insurance Co. v. Williams,* 463 Pa. 567, 574, 345 A.2d 664, 668 (1975). All these conditions are met here, and we must therefore conclude that the appellants' attempt to amend is barred by res judicata. The only difference here is the attempt of the appellants to substitute a later date for the alleged taking. This does not present a new issue, however, because the underlying allegations remain the same, and we explicitly ruled in *Reilly II* that the appellants' allegations and proof could not support a finding of de facto taking.

The appellants' argument that the appellees made judicial admissions as to a de facto taking as of June 15, 1973, is similarly without merit. In the first place, these so-called judicial admissions were not admissions at all. In one instance the so-called admission is found in the appellees' preliminary objections where in their prayer for relief they requested the common pleas court either to order the appellants to amend *or* to find the property condemned as of June 15, 1973. This can hardly be considered a judicial admission; indeed, an examination of the whole pleading clearly indicates that the appellees were denying that a taking occurred at all. The other so-called admissions attributed to the appellees are statements made in their briefs. While it is true that judicial

admissions may be made in pleadings, we are aware of no authority for the proposition that statements in briefs can constitute judicial admissions. In the second place, even if we were to consider these statements as admissions, we would be constrained to hold that a court cannot be bound on a question of law by an admission of a party. And we have already held that the complained-of activities of the appellees do not, as a matter of law, constitute a taking.

We shall, therefore, grant the appellees' motion to dismiss.

ORDER

AND Now, this 20th day of February, 1980, the motion of the Department of Environmental Resources and the General State Authority is granted, and the appeal in the above-captioned matter is hereby dismissed.

This decision was reached prior to the death of President Judge BOWMAN.

Judge DISALLE did not participate in the decision in this case.