## Sheetz v. Supervisors of Little Britain Twp.

*Dennis L. Plank,* for appellants.
*Daniel B. Strickler,* for appellees.

BUCKWALTER, *J.*, April 22, 1981—This is an appeal from a decision of the Supervisors of Little Britain Township, hereinafter referred to as appellees, denying the request of Harvey O. Sheetz and Miriam H. Sheetz, hereinafter referred to as appellants, for a curative amendment, and a determination that the Zoning Ordinance of Little Britain Township, hereinafter referred to as ordinance, is exclusionary and therefore unconstitutional.

In May of 1979, appellants purchased two tracts of land, in Little Britain Township, totaling 3.168 acres. On June 2, 1979, Supervisors Craig and Steele of the Township of Little Britain approved a

sketch drawing which depicted three mobile homes situated on the two lots owned by appellants. This drawing was also approved by Zoning Officer Preston. However, Officer Preston's approval was subject to the following: "Approve site trailer No. 2 and later erect single family home on No. 2, trailer to be removed when home is completed trailer owner must secure permit before moving onto lot No. 2." The requirement of a permit for the trailer located on Lot No. 1, that being trailer No. 2, was waived because the zoning officer was informed that the trailer had a value of less than $1000. However, when appellants requested a permit for trailer No. 3 located on Lot No. 2, that permit was denied.

On October 15, 1979, one Warren K. Samples, Esq., informed the supervisors and zoning officer of Little Britain Township that he believed that appellants were in violation of the ordinance because, ". . . no hearing had been held by the Zoning Hearing Board as required by section 106 to determine if a mobile home park is a proper use for these two tracts." Appellants were informed that they should remove the third trailer or be subject to a fine and further penalties. All this occurred after appellants had expended approximately $3000 in funds on improving the premises.

On April 10, 1980, after paying a fine and removing the trailer, appellants filed a request for a hearing and a proposed curative amendment. Appellants challenged the validity of the Zoning Ordinance of Little Britain Township on the ground that the Zoning Ordinance is exclusionary. A hearing was held on June 2, 1980, at which time appellants' counsel argued the law and cross-examined the township's witness. On July 3, 1980, the board denied appellants' request, stating that Little Britain Township consists mostly of an agricultural dis-

trict, that appellants did not apply to the zoning officer for a permit to place a third mobile home on said lots, that the two lots contain less than three acres exclusive of all right of ways, and that section 106 of the Zoning Ordinance of Little Britain Township provides for applications for uses not specifically permitted or denied in the ordinance. Appellants filed their notice of appeal on July 25, 1980. Both parties have filed briefs and the case was argued before this court on March 16, 1981.

Appellants argue that the Zoning Ordinance of Little Britain Township is exclusionary and therefore unconstitutional for its failure to provide for mobile home parks within the township; the Board of Supervisors erred in denying appellants' proposed curative amendment for extending permitted uses in an agricultural district to include mobile home parks; and appellants have a vested right in the use of the land by virtue of permission granted by township officials and sufficient acreage in their lots to permit placement of the third mobile home.

This court's scope of review in actions where no additional evidence was taken beyond that relied upon by the board is limited to a determination, from the record before us, of whether the board abused its discretion or committed an error of law: Appeal of Shultz Transportation from Pequea Township ZHB, 67 Lancaster 113 (1980).

Turning first to the issue of the constitutionality of the ordinance we note that "[a] presumption of validity attaches to any challenged ordinance. . . ." Meyers v. Board of Supervisors of Lower Makefield Twp., 38 Pa. Commonwealth Ct. 578, 582, 394 A. 2d 669, 671 (1978). However, "[a]s our prior decisions have firmly established, a township-wide ban of mobile home park usage, without proof that

such use is injurious to the public health, safety and welfare, is unconstitutional." McKee v. Twp. of Montgomery, 26 Pa. Commonwealth Ct. 487, 488, 364 A. 2d 775, 776 (1976).

The Zoning Ordinance for the township of Little Britain defines mobile home as,

A transportable, single family dwelling intended for permanent occupancy, office or place of assembly containing in one unit, or in two units designed to be joined into one integral unit capable of again being separated for repeated towing, which arrives at a site complete and ready for occupancy except for minor and incidental unpacking and assembly operations, and constructed so that it may be used without a permanent foundation.

A mobile home lot is defined as,

A parcel of land in a mobilehome park, improved with the necessary utility connections and other appurtenances necessary for the erections thereon of a single mobilehome, which is leased by the park owner to the occupants of the mobilehome erected on the lot.

A mobile home park is defined as, "[a] parcel of land under single ownership which has been planned and improved for the placement of mobilehomes for nontransient use, consisting of two or more mobilehome lots."

Although mobile home parks are defined in the ordinance they are nowhere referred to as being a permitted use, a conditional use, or a special exception use. Article V-A-1.05b does provide for lot areas including individual mobile homes. However, the case law is clear ". . . that an ordinance prohibiting mobile home parks cannot survive a constitutional challenge by the device of permitting mobile homes

on individual lots." Whitemarsh Twp. v. Kravitz, 39 Pa. Commonwealth Ct. 306, 310, 395 A. 2d 629, 631 (1978).

Appellees argue that section 106 of the ordinance provides for the approval of mobile home parks in the township. What Section 106 of the Zoning Ordinance does provide is that,

[w]henever, in any District established under this Ordinance, a use is neither specifically permitted or denied and an application is made by a property owner to the Zoning Officer for such use, the Zoning Officer shall refer the application to the Zoning Hearing Board which shall after proper hearing, have the authority to permit the use or deny the use. The use may be permitted if it is similar to and compatible with permitted uses in the district and in no way is in conflict with the general purpose and intent of this Ordinance.

The language of this section is clearly discretionary. Nevertheless, appellees argue that under the Commonwealth Court's reasoning in the case of Colonial Park, etc. v. New Britain Township, 47 Pa. Commonwealth Ct. 459, 408 A. 2d 1160 (1979), this section sufficiently provides for mobile home parks. In the Colonial Park case Judge Rogers in writing for the court held that, where a township provides for PRDs, which could possibly include a mobile home park, that is sufficient. In this respect Judge Rogers stated that it is important to note that, "[t]he matter of approval is not simply discretionary with the Board of Supervisors." Id. at 466, 408 A. 2d 1163. The restrictions on lot size in that case were 2.3 dwelling units per acre, which the court ruled were not as onerous as those allowed to stand in other cases, especially in light of the fact the PRDs allow individual lots as small as

9,000 square feet.[1] Appellees argue that because the Colonial Park case involved an ordinance that provided definitions of trailer and trailer parks it is similar in its factual stance to that presently before the court.

In Colonial Park, Judge Rogers upheld a zoning scheme which contained provisions for the mandatory approval of mobile home parks in PRDs. The present case is clearly distinguishable. Section 106 does not provide for anything but the discretionary approval of the board.

We would also note that while the Little Britain Township Zoning Ordinance does provide for smaller lot sizes in its residential district[2], it has previously been determined by the Commonwealth Court that,

. . . application of the township's general residential zoning regulations would place an unreasonable restriction on mobile home park development in the Township and would thereby impermissibly effect an exclusionary result. . . . Thirdly, permitting the Township to avoid the consequences of an unconstitutional zoning scheme by allowing the application of general zoning regulations would be in derogation of pronouncements by our Supreme Court that landowners who successfully challenge an exclusionary zoning scheme must be given relief: Meyers v. Board of Supervisors of Lower Makefield Twp., supra, at 583-84, 397 A. 2d 671-72.

Appellants rely on the recent Commonwealth Court case of Environmental Communities v.

---

1. There were four dissents in that case.

2. Where a property provides both off-site water and off-site sewer service a maximum net density of 2.64 dwelling units per acre is allowable.

North Coventry, 49 Pa. Commonwealth Ct. 167, 412 A. 2d 650 (1980), for the proposition that the township ordinance is unconstitutional in that it excludes mobile home parks. In that case North Coventry Township argued that their ordinance did not exclude mobile home parks and that a mobile home park would be permitted in a district zoned R-4 which provides for single family detached dwellings on minimum 5,000 square foot lots. The court concluded that,

"The fatal flaw in this approach is that a mobile home park is not simply a conglomeration of mobile homes, but rather a planned community involving social, recreational and commercial activities. It is beyond dispute that zoning bodies must provide for this legitimate land use or provide substantial justification for its exclusion." Id. at 169, 412 A. 2d 651. The Commonwealth Court disallowed the township's argument on the grounds that the district that they referred to comprises but 1.37 percent of the total township acreage, and that in fact 63 percent of the township's acreage is set aside for a minimum of two or three acre lots. They concluded that where 80 percent of the township is zoned for one acre or more it ". . . does not provide for a fair share of the township acreage for this land use." Environmental, supra, at 169, 412 A. 2d 652.

A quick glance at the zoning map for Little Britain Township reveals that 80 percent or more of this township is zoned A-1 Agricultural District, for a minimum of one acre or more per dwelling unit. Although we recognize and support the well-thought-out policies for maintaining our nation's farmland, the appellate court decisions simply do not support a zoning ordinance which provides almost entirely for individual dwelling units on one acre lots, and completely excludes another viable

form of housing which could very well become more and more necessary as the price of housing continues to soar. Indeed, in the Environmental Communities case, the Commonwealth Court stated, "[m]obile home parks provide an attractive home ownership option to millions of Americans." Id.

We do not presume to advocate the unchecked growth of mobile home parks. Good zoning schemes do not exclude certain uses but instead provide regulations and controls on all legitimate and recognized uses. We believe the board erred in ruling that its ordinance is not exclusionary and therefore unconstitutional.

The second argument raised by appellants is that the board erred in denying their proposed curative amendment. It has been determined that,

[i]f, in a case such as this, the lower court determines that the ordinance is unlawful or unconstitutional, then it is the court's duty to review the plans and specifications, submitted with the challenge, to determine which elements thereof should be approved so as to permit the landowner to proceed with his proposed development, subject of course to all of the other reasonable zoning regulations applicable to the type of development involved. The curative amendment is merely a proposal or suggestion by the landowner which is intended to aid the governing body if it decides to amend the allegedly defective ordinance. We noted in Ellick, supra, that upon appeal to the court below the curative amendment is no longer viable. The court may not remand the matter to the governing body for further consideration of the curative amendment, and it may not order the municipality to amend its zoning ordinance, because the

amendment of a zoning ordinance is purely a legislative matter, exclusively within the control of the governing body of the municipality: Appeal of Robert P. Olson, 19 Pa. Commonwealth Ct. 514, 521, 338 A. 2d 748, 751 (1975).

However, as appellants have successfully challenged the exclusionary zoning scheme present in this case, they must be given relief. Appellants ". . . are entitled to proceed to develop their land, pursuant to their proposed development, subject to otherwise reasonable zoning regulations, water, sewage and other safety regulations of the Township." Meyers, supra, at 584, 394 A. 2d 672. The record reveals that appellants attached a very sketchy drawing of their proposed development to their application. The drawing indicates that appellants propose the erection of three mobile homes, complete with a sewer system and drain field, on a three acre tract, which acreage includes right of ways.

We do find that appellants have submitted the required certification pursuant to section 1004(2)(a) of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, as amended, 53 P.S. *11004(2)(a). However, we are only left to speculate as to what restrictions are applicable to this plan and which regulations have or have not been complied with.

Finally, we will consider appellants, argument that they have obtained a vested right in the use of their land by virtue of approval of their site plan, and the presence of sufficient acreage on their lot. As Zoning Officer Preston's approval was contingent upon the acquisition of a permit and the later erection of a single family home, we do not believe

that appellants ever fully acquired township permission before proceeding to expend large sums of money on necessary improvements. See DER v. Flynn, 21 Pa. Commonwealth Ct. 264, 344 A. 2d 720 (1975).

In any event, under the present posture of this case, appellants' arguments as to the issue of vested right are of little consequence.

Accordingly we will enter the following

## ORDER [as modified by Commonwealth Court's affirmance]

And now, April 22, 1981, it is hereby ordered and decreed that the Zoning Ordinance of Little Britain Township is unconstitutional by virtue of its failure to provide for a mobile home park. It is hereby ordered that the record be remanded to the Little Britain Township Board of Supervisors with instructions to permit the development of a mobile home park containing three mobile homes on the tract of land owned by Harvey O. Sheetz and Miriam H. Sheetz, appellants, totaling three acres, containing lots 19 and 20 of the Montgomery Bros. Plan, subject to such reasonable restrictions as may necessarily be imposed by the township to secure compliance with the township's building, sewage, safety and water regulations. The court is to retain jurisdiction of the case during the pendency of such proceedings.