In Re: Condemnation by the Commonwealth of Pennsylvania, Department of Transportation, of Two (2) Billboards Located on T. R. 209 etc. Northeast Outdoor Advertising, Inc., Appellant.

Argued June 7, 1982, before President Judge CRUMLISH, JR. and Judges WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*Ira G. Barrows,* for appellant.

*Scott M. Olin,* Assistant Counsel, with him *Ward T. Williams,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellee.

Opinion by Judge Doyle, November 9, 1982:

This is an appeal from an order of the Court of Common Pleas of Schuylkill County which sustained preliminary objections to a Petition for Appointment of Board of Viewers filed by Northeast Outdoor Advertising, Inc. (Northeast) pursuant to the provisions of Section 502(e) of the Eminent Domain Code, Act of June 22, 1964, Special Sess., P.L. 84, *as amended*, 26 P.S. §1-502(e). We affirm.

On November 29, 1978, Northeast filed a Petition for Appointment of Board of Viewers with the court of common pleas seeking compensation for eight billboards it owned along Route 61 in North Manheim Township and in the City of Pottsville, Pennsylvania. In response to this petition, the Pennsylvania Department of Transportation (D.O.T.) filed preliminary objections alleging, *inter alia*, that Northeast had not suffered any compensable harm, and both parties submitted certain stipulations and depositions to the court for the purpose of ruling on these preliminary objections. This evidence established (1) that each of the eight billboards had initially been located in areas zoned for residential use, and were only permitted to remain there because they were prior nonconforming uses, (2) that D.O.T. had entered into negotiations with Northeast to acquire the billboards pursuant to the provisions of Section 4 and 9 of the Outdoor Advertising Control Act of 1971 (Act), Act of December 15, 1971, P.L. 596, *as amended*, 36 P.S. §§2718.104 and 2718.109, and (3) that both areas where billboards were located were subsequently rezoned to permit commercial usage, thereby disqualifying them from acquisition under the provisions of the Act.[1] This evidence also established that D.O.T. informed Northeast

---

[1] Section 4(iv) of the Act provides in pertinent part:

[N]o outdoor advertising device shall be maintained:

(1) within six hundred sixty feet of the nearest edge of the

that since its billboards were now permitted outdoor advertising devices it would have to request annual permits for each billboard pursuant to the provisions of Section 7 of the Act, 36 P.S. §2718.107. Northeast subsequently applied for, and received, permits for four of the eight boards, and D.O.T. then removed the remaining four billboards pursuant to the authority granted in Section 10 of the Act, 36 P.S. 2718.110,[2] when Northeast failed to request the required permits for these advertising devices. Based on this evidence, the court of common pleas concluded that the Com-

---

right-of-way if any part of the advertising or informative contents is visible from the main-traveled way of an interstate or primary highway, except:

. . . .

(iv) Outdoor advertising devices in zoned or unzoned commercial or industrial areas along those portions of the interstate system constructed on right-of-way, any part of the width of which was acquired on or before July 1, 1956.

36 P.S. 2718.104. Section 9(c) provides that "[t]he department shall require removal of all *nonconforming* outdoor advertising devices lawfully in any highway made a part of the interstate or primary system. . . ." 36 P.S. 2718.109 (emphasis added).

[2] Section 10 of the Act provides:

In addition to the penalties prescribed in this act, the secretary may institute any appropriate action or proceeding after thirty days' written notice of a violation to the person or persons maintaining or allowing to be maintained such device, to prevent, restrain, correct or abate a violation or to cause the removal of any advertising device erected or maintained in violation of the provisions of this act, or the secretary may have any such device corrected or removed by his employes. In the event of such removal, the person or persons responsible for the erection or maintenance of such device and the person or persons allowing such device to be maintained shall be liable to the department for the cost of removal or correction of such device. Neither the secretary nor any other employe acting at his direction shall be liable in any criminal or civil action for damages for any action authorized by this act.

monwealth had removed the four billboards pursuant to its police power, and not its eminent domain power, and hence, that Northeast was not entitled to compensation. The present appeal followed.

Before this Court, Northeast alleges that the Commonwealth's actions in removing four of its billboards constituted a compensable "de facto" taking. We disagree.

It is undisputed that D.O.T. removed the billboards in question here because of Northeast's failure to seek the required permits. It is also undisputed that D.O.T. was expressly authorized to do so by the provisions of Section 10 of the Act. As we stated in *Reilly v. Department of Environmental Resources*, 37 Pa. Commonwealth Ct. 608, 391 A.2d 56 (1978):

> "Police power should not be confused with that of eminent domain. Police power controls the use of property by the owner, for the public good, its use otherwise being harmful, while eminent domain and taxation take property for public use. Under eminent domain, compensation is given for property taken, injured or destroyed, while under the police power no payment is made for a diminution in use, even though it amounts to an actual taking or destruction of property. . . .
>
> No matter how seemingly complete our scheme of private ownership may be under our system of government, all property is held in subordination of the right of its reasonable regulation by the government clearly necessary to preserve the health, safety, or morals of the people. Obedience to such regulation is not taking property without due process; that clause does not qualify the police power."

*Id.* at 612, 391 A.2d at 58 (quoting *White Appeal*, 287 Pa. 259, 264-65, 134 A. 409, 411 (1926)). Since the bill-

boards in question here were clearly removed pursuant to the Commonwealth's police power, the court of common pleas correctly, in our view, concluded that Northeast was not entitled to compensation pursuant to the provisions of the Eminent Domain Code.

Northeast also alleges in its brief to this Court that D.O.T. should be "estopped" from denying compensation since negotiations for the acquisition of the billboards allegedly took place after the zoning changes disqualified the billboards from acquisition under the provisions of the Act. This evidence is not of record, however, and hence need not be considered here. We will therefore affirm.

ORDER

Now, November 9, 1982, the order of the Court of Common Pleas of Schuylkill County dated May 19, 1980, and docketed at No. S-1882-78, is affirmed.