Robert Schafer, Petitioner *v.* Workmen's Compensation Appeal Board (Lehigh Valley Manpower Program), Respondents.

Argued September 13, 1985, before Judges COLINS and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Quintes D. Taglioli, Markowitz & Richman,* for petitioner.

*William M. Thomas, Thomas and Thomas,* for respondents.

OPINION BY SENIOR JUDGE KALISH, December 12, 1985:

Robert Schafer appeals the order of the Workmen's Compensation Appeal Board affirming a ref-

eree's decision which dismissed his petition for reinstatement of total disability benefits on the ground that his employer established the availability of numerous jobs. We reverse.

Schafer sustained a back injury for which he received total disability compensation. His employer supplied a light duty job under the CETA program. Upon expiration of that program he was laid off. He remained unable to return to his former pre-injury job. His employer provided evidence of the availability of work. However, he applied for and was not hired for these jobs for a variety of reasons. Schafer contends that his employer did not meet his burden of proving the availability of work which he was capable of performing.

Where a partially disabled claimant has been laid off from a modified job provided by the employer and seeks reinstatement of benefits, his burden of proof is met by showing that he is unable to perform his time-of-injury job. *Smith v. Workmen's Compensation Appeal Board (Futura Ind.)*, 80 Pa. Commonwealth Ct. 508, 471 A.2d 1304 (1984). The employer then has the burden of showing that work is available which the claimant is able to perform. *Id.* A claim of work availability can be rebutted by evidence that a claimant applied for the work and was rejected.[1] *Piper Aircraft Corp. v. Workmen's Compensation Appeal Board (Bibey)*, 86 Pa. Commonwealth Ct. 614, 485 A.2d 906 (1985).

Here, the employer established the availability of work for Schafer. However, the record shows that he applied for the jobs and was not hired. The em-

---

[1] However, if it were found that a claimant did not apply in good faith, this rule may not apply. *St. Joseph Hospital v. Workmen's Compensation Appeal Board*, 52 Pa. Commonwealth Ct. 265, 415 A.2d 957 (1980).

ployer did not meet its burden. Thus, we find that the Board erred in affirming the referee's finding that the employer met his burden of proving work availability.

Accordingly, we reverse the board and hold that benefits should be reinstated.

ORDER

The order of the Workmen's Compensation Appeal Board, Docket No. A-86686, dated June 21, 1984, is reversed.