506 A.2d 1357

Economy Decorators, Inc., Petitioner *v.* Workmen's Compensation Appeal Board (Federici), Respondents.

Submitted on briefs December 13, 1985, to Judges CRAIG and COLINS, and Senior Judge KALISH, sitting as a panel of three.

*Ronald F. Bove,* with him, *David A. Pennington, Swartz, Campbell & Detweiler,* for petitioner.

*Thomas F. McDevitt, Thomas F. McDevitt, P.C.,* for respondent, Richard Federici.

OPINION BY JUDGE COLINS, March 31, 1986:

Economy Decorators (employer) appeals an order of the Workmen's Compensation Appeal Board (Board), affirming the referee's award of workmen's compensation benefits for a heart attack suffered by Richard Federici (claimant). We affirm.

The material facts of this case are not in dispute and, accordingly, do not warrant recital. Suffice it to say that the claimant, a wallpaper hanger, was found to have suffered a compensable injury under The Pennsylvania Workmen's Compensation Act (Act).[1] The referee awarded compensation for total disability in the amount of $227.50 per week from February 23, 1979, the date of claimant's heart attack, until his return to work on February 4, 1980. The referee suspended compensation from February 5, 1980 to December 31, 1980, having found that the claimant remained partially disabled but sustained no loss of earning power for that period. The referee then reinstated compensation from January 1, 1981 to December 31, 1981, in the amount of $196.50, or two-thirds of the claimant's weekly wage loss, computed as $294.74, and finally awarded compensation beginning January 1, 1982 at the rate of two-thirds of

---

[1] Heart attacks are compensable injuries under Section 301(c) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §411(1), if they arise in the course of employment and are related thereto. *Penn Pad Co. v. Workmen's Compensation Appeal Board (Altholz),* 83 Pa. Commonwealth Ct. 490, 478 A.2d 497 (1984).

claimant's future loss in earnings.[2] The Board affirmed. The employer's appeal to this Court followed on November 13, 1984.[3]

Upon appeal, the employer concedes that the claimant suffered a compensable injury. The employer does contend, however, that the claimant returned to his pre-injury job without sustaining a loss in earning power attributable to his disability, such that the referee's reinstatement of compensation beginning January 1, 1981 was in error. Assuming, arguendo, that the claimant is entitled to a reinstatement of compensation, the employer contends that the referee erred in finding the claimant's pre-injury wage to be $449.60 per week and that the computation of subsequent benefits based on this figure was in error.

The law is settled that for purposes of workmen's compensation, the term disability is synonymous with a "loss of earning power." *Wheeling-Pittsburgh Steel Corp. v. Workmen's Compensation Appeal Board (Smith)*, 70 Pa. Commonwealth Ct. 100, 452 A.2d 611 (1982); *Carpentertown Coal and Coke Co. v. Workmen's Compensation Appeal Board* 52 Pa. Commonwealth Ct. 134, 415 A.2d 450 (1980). When this loss of earning power results from a medical condition related to the

---

[2] Section 306(b) of the Act, 77 P.S. §512, provides for the following compensation: "For disability partial in character...sixty-six and two-thirds per centum of the difference between the wages of the injured employee...and the earning power of the employee...."

[3] The employer stated in its Petition for Review that it was concurrently filing a petition for rehearing/reconsideration with the Board. The employer's petition for rehearing was not provided in the record certified to this Court by the Board on March 12, 1985.

The Board denied the employer's petition for rehearing on April 11, 1985. The Board's opinion, although provided to this Court in the reproduced record, was necessarily absent from the certified record.

claimant's employment, the claimant suffers a disability compensable under the Act. *Wheeling-Pittsburgh.* Where there is a disability with a resultant loss of earning power but the employee receives as much for his services as he earned before the injury, payments of compensation must be suspended when the disability is not reflected in loss of wages. *Cannon Boiler Works v. Workmen's Compensation Appeal Board (Norris),* 58 Pa. Commonwealth Ct. 546, 428 A.2d 293 (1981).

In the case *sub judice,* the referee's reinstatement of compensation followed his finding that:

10. [f]or the period January 1, 1981 to December 31, 1981, claimant had gross earnings of $8,052.72 or an average weekly wage of $154.86 or a loss of $294.74 per week.

The evidence on record regarding the claimant's post-injury income is contained in a wage statement of gross earnings, offered into evidence by the employer, indicating the number of days worked by the claimant over consecutive multi-week periods. This statement indeed reveals that the claimant worked substantially fewer days in 1981 than in 1980.[4]

The employer contends that any decreased earning power on the part of the claimant in 1981 as manifested by these wage statements was precipitated by an industry-wide work slowdown rather than the claimant's latent disability, thus rendering the claimant ineligible for a reinstatement of compensation.

In this regard, the employer offered the testimony of Norman Yerusalim, the company President, who testified that depressed economic conditions in that year resulted in decreased work availability and forced him

---

[4] The record reveals that the claimant worked only 76 days from January 6, 1981 through January 6, 1982 as compared to 201 days from February 4, 1980 through January 5, 1981.

to apportion all available work among his employees. Mr. Yerusalim stated that he in no way singled out the claimant to reduce his work load and that the claimant, in fact, never complained of difficulty in performing his work, that he refused offers to "lighten his load" and that he was anxious and able to accept additional overtime employment when available.

The referee did not address Mr. Yerusalim's testimony in his decision and the employer now argues that this omission represents a capricious disregard of competent evidence. The employer's allegations are without merit. The factfinder in a workmen's compensation case may accept or reject the testimony of any witness in whole or in part, and this evaluation on the part of the referee does not constitute a capricious disregard of competent evidence. *Hoffman v. Workmen's Compensation Appeal Board (Mitchell Transport, Inc.),* 87 Pa. Commonwealth Ct. 44, 485 A.2d 1235 (1985).

The claimant's testimony does not indicate whether or not the observed decline in earning power in 1981 is attributable to his disability. The claimant testified before the referee only once, on January 22, 1980, several weeks prior to his return to work. Similarly, the testimony of the claimant's medical witness is not illustrative of this point. This physician examined the claimant on November 1, 1979 and then opined that the claimant would be physically unable to return to his former position. The referee found, however, that the claimant returned to work with partial disability, although no loss of earning power until 1981. We must determine whether a reinstatement of compensation is proper where the record evidences reduced earnings but the claimant does not rebut the employer's allegation that the decrease is attributable to factors other than the claimant's continuing disability. Under the facts of this case, we believe it is.

Section 413 of the Act empowers the referee to reinstate an award or agreement provided that "where compensation has been suspended because the employee's earnings are equal to or in excess of his wages prior to the injury that payments may be resumed at any time during the period for which compensation for partial disability is payable unless it be shown that the loss in earnings does not result from the disability due to injury." 77 P.S. §772. The status of the employer's liability under a workmen's compensation agreement or award continues irrespective of whether or not payments have ceased to be made. *Busche v. Workmen's Compensation Appeal Board (Townsend and Bottum, Inc.)*, 77 Pa. Commonwealth Ct. 469, 466 A.2d 278 (1983). Where the employer is relieved of the payment of benefits during a period when the claimant resumes full earning power, albeit with continuing disability, the period of suspension inures entirely to the benefit of the employer; he cannot complain if a subsequent change in the status of the claimant's earning power revives his liability. *D & T Brooks, Inc. v. Workmen's Compensation Appeal Board*, 38 Pa. Commonwealth Ct. 223, 392 A.2d 895 (1978).

We find informative this Court's decisions in *Schafer v. Workmen's Compensation Appeal Board (Lehigh Valley Man-Power Program)*, 93 Pa. Commonwealth Ct. 458, 501 A.2d 708 (1985), *Smith v. Workmen's Compensation Appeal Board (Futura Industries)*, 80 Pa. Commonwealth Ct. 508, 471 A.2d 1304 (1984) and *Busche*. In those cases, a partially disabled claimant was laid off from a modified job provided by the employer and sought a reinstatement of benefits. We held that where the claimant's disability continued, relieved only by a period of employment in a specially-created job, the claimant has met her burden of showing that she is unable to perform her time-of-injury job. "The employer

then has the burden of proving the availability of work which the claimant is capable of performing; in other words, the standard burden of proof in a workmen's compensation case." *Smith*, 80 Pa. Commonwealth Ct. at 512-13, 471 A.2d at 1307. *See also, W & L Sales, Inc. v. Workmen's Compensation Appeal Board (Drake),* 92 Pa. Commonwealth Ct. 396, 499 A.2d 710 (1985).

We note that *Busche* and progeny are factually distinguishable from the case *sub judice* in that the employers there discontinued specially-created jobs. Nevertheless, we find the premise applicable here because the employer *sub judice* does not contend that the claimant's disability has ceased and that a termination of compensation is appropriate. A presumptive partial disability exists by virtue of the order to suspend compensation; the employer can eliminate liability only by offering suitable work. As no such offer was forthcoming here, the employer has not met his burden. Under Section 413, 77 P.S. §772, the claimant simply must show that, while his disability continued, his loss of earnings has recurred. *Smith.*

Having determined that the claimant is entitled to a reinstatement of compensation, we must address the employer's contention that the referee erred in finding the claimant's pre-injury wage to be $449.60 per week. The referee was confronted with conflicting testimony regarding the amount of the claimant's wage. The claimant testified that his wage was $449.60 per week. The employer offered into evidence a wage statement of the claimant's gross earnings over several multi-week periods preceding the claimant's illness but not indicating the number of days worked. Within his province as finder of fact and arbiter of credibility, *Holshue v. Workmen's Compensation Appeal Board (Robideau Express),* 84 Pa. Commonwealth Ct. 253, 479 A.2d 42 (1984), the referee chose to accept the testimony of the claimant.

Our standard of review where, as here, the party with the burden of proof prevails before the referee, and the Board takes no additional evidence, is to determine whether constitutional rights have been violated and whether a necessary finding of fact is supported by substantial evidence. *Voitek T.V. Sales & Service (Brunges) v. Workmen's Compensation Appeal Board*, 71 Pa. Commonwealth Ct. 475, 455 A.2d 265 (1983).

The employer argues that the referee's finding regarding the amount of claimant's pre-injury wage is incorrect due to a document included by the employer in the reproduced record entitled "Claimant's Answer to [the employer's] Petition for Supersedeas," in which the claimant states that his pre-injury wage was $318.19 per week. We must emphatically note that this document is absent from the certified record. While we acknowledge that assertions of fact made in the pleading *may* constitute judicial admissions, *Reilly v. Dept. of Environmental Resources*, 49 Pa. Commonwealth Ct. 374, 412 A.2d 652 (1980); *Dale Mfg. Co. v. Workmen's Compensation Appeal Board*, 34 Pa. Commonwealth Ct. 31, 382 A.2d 1256 (1978), it is the duty of a party to see that evidence is properly introduced and admitted into the record. This Court, in its appellate capacity, is bound to consider only facts that appear of record. *McKenna v. Pa. State Horse Racing Commission*, 83 Pa. Commonwealth Ct. 116, 476 A.2d 505 (1984); *Kaplan v. Redevelopment Authority of the City of Philadelphia*, 44 Pa. Commonwealth Ct. 149, 403 A.2d 201 (1979). Claimant's Answer is not before this Court and we will not address the impact of claimant's averments therein in these proceedings.

Accordingly, we affirm the order of the Board.

ORDER

AND NOW, March 31, 1986, the order of the Workmen's Compensation Appeal Board at Docket No. A-86487, dated October 11, 1984, is affirmed.