508 A.2d 637

William Goodyear, Sr., Petitioner *v.* Workmen's Compensation Appeal Board (Robbins Door and Sash Company), Respondent.

Submitted on briefs February 4, 1986, to Judges CRAIG and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

648

*Philip D. Freedman,* for petitioner.

*Edward E. Knauss, IV, Metzger, Wickersham, Knauss & Erb,* for respondent, Robbins Door and Sash Company.

OPINION BY SENIOR JUDGE KALISH, May 2, 1986:

William Goodyear, Sr. (claimant) petitions for review of a Workmen's Compensation Appeal Board (Board) order reversing a referee's decision. The referee granted claimant's petition for reinstatement of total disability payments from partial disability payments. We reverse the Board.

In the course of his employment with Robbins Door and Sash Company, claimant sustained a fractured leg and shoulder. He was paid a weekly disability rate of $171. Thereafter, he started working with AMP, Inc., sitting at a table and putting together small electronic devices. He earned $152 a week. He executed a supplemental agreement with Robbins, wherein it was stated that "claimant returned to work at reduced earnings of $3.80 per hour, forty hours per week or $152 per week." His compensation was reduced to $70.63. He worked at AMP, Inc. until the job ceased to be available, not because of a change in his physical condition, but because of the economic conditions of his employer.

Claimant filed a petition for reinstatement to total disability payments, contending that since he cannot do his pre-injury job, he is totally disabled. The referee

agreed, but the Board reversed on the basis of an error of law by the referee. The Board held that the burden is on the claimant to prove a change in his physical condition in order to go from partial to total disability.

The Board relied on *Klingler v. Workmen's Compensation Appeal Board,* 50 Pa. Commonwealth Ct. 335, 413 A.2d 432 (1980). In *Klingler,* the claimant filed a modification petition. There, this court correctly required that the claimant meet the burden of showing that his physical condition had changed. Here, unlike *Klingler,* the claimant filed a petition for reinstatement, which carries a different burden of proof.

Where a claimant has been laid off from a modified job provided by the employer, and seeks reinstatement of benefits, he has met the burden of proof by establishing his inability to perform his time-of-injury job. *Smith v. Workmen's Compensation Appeal Board (Futura Industries),* 80 Pa. Commonwealth Ct. 508, 471 A.2d 1304 (1984). The employer then has the burden of proving the availability of work which the claimant is capable of performing. *Id.*

The referee found that the claimant had shown that "he remains disabled from performing the occupation at which he was injured originally." Thus, the claimant met his burden of proof under *Smith.* The employer did not show that work is available which the claimant can perform. Accordingly, we reverse the decision of the Board, and reinstate the decision of the referee.

## ORDER

Now, May 2, 1986, the order of the Workmen's Compensation Appeal Board, No. A-82780, dated October 21, 1982, is reversed, and the decision of the referee is reinstated.