556 A.2d 544

Bill J. Christopher, Petitioner *v.* Workmen's Compensation Appeal Board (Dravo Corporation), Respondents.

Submitted on briefs July 6, 1988, to Judges BARRY and SMITH, and Senior Judge NARICK, sitting as a panel of three.

*George Stipanovich,* with him, *Bernadette L. Puzzuole, Strassburger, McKenna, Gutnick & Potter,* for petitioner.

*Mary Ann Czajkowski,* with her, *Terry L. Bashline, Baginski and Bashline,* for respondent.

OPINION BY JUDGE SMITH, April 4, 1989:

Bill J. Christopher (Claimant) appeals from the order of the Workmen's Compensation Appeal Board (Board) which affirmed the referee's decision denying Claimant's reinstatement petition under The Pennsylvania Workmen's Compensation Act.[1] Questions presented for review are whether the referee and Board erred in considering evidence based upon a medical examination conducted five days prior to suspension of Claimant's benefits; whether the referee and Board erred in determining that Claimant failed to sustain his burden of proving a continuing disability; and whether the burden of proof shifted to Dravo Corporation (Employer) to establish the

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§1-1031.

availability of work within Claimant's alleged physical limitations. The decision of the Board is affirmed.

Claimant, a mining sales engineer, sustained a work-related injury to his right arm on June 8, 1981 for which Claimant received compensation benefits from March 15, 1982 to September 6, 1982 when the parties executed a supplemental agreement suspending benefits. Claimant was subsequently laid-off but obtained a position as a territory sales person for R. J. Stern Co., Inc. from July 5, 1983 until his discharge on May 15, 1984. In the interim, Claimant filed a claim petition, which was later amended to a reinstatement petition, alleging that his work-related injury resolved into a permanent partial disability with loss of earning power.

Both parties presented evidence at several hearings held before the referee who accepted as credible evidence presented by Employer which included the medical report of Dr. Heywood A. Haser. Dr. Haser last examined Claimant on September 1, 1982 and concluded that Claimant was able to perform his position as a sales engineer. Defendant's Exhibit No. A, p. 2. Also accepted was the telephone deposition testimony of William G. Jones, Claimant's supervisor at R. J. Stern Co., Inc., who testified that Claimant was discharged in May 1984 for non-performance, bad attitude, and problems with expenses, and not as a result of physical complaints or inability to physically perform his work. William G. Jones' October 2, 1984 Telephone Deposition, pp. 2-5.

Further testimony which was accepted in part by the referee was that of Fritz A. Zuhl, Employer's general sales manager. Mr. Zuhl testified that as a sales engineer Claimant would not be required to perform heavy lifting. N.T., September 17, 1984 Hearing, pp. 3, 5, 7-10, 13-15. The referee concluded that Claimant failed to sustain his burden of establishing an increase or recurrence of his

disability or that his discharge from and lower earnings at R. J. Stern Co., Inc. resulted from Claimant's June 8, 1981 work-related injury; and that Claimant failed to present any medical evidence that he was unable to perform his job as a mining sales engineer. Conclusions of Law No. 3.

Claimant thereafter appealed the referee's decision to the Board, which corrected the referee's erroneous statement of Claimant's burden of proof but affirmed the referee's decision, finding that a remand was unnecessary since the referee would have reached the same result had he properly allocated Claimant's burden of proof. Hence, Claimant's petition for review to this Court.[2]

Since a presumption of partial disability exists by virtue of the order to suspend Claimant's compensation, Claimant need only establish continuing disability and recurrence of loss of earnings resulting from a work-related incident. *See Scobbie v. Workmen's Compensation Appeal Board (Greenville Steel Car Co.)*, 118 Pa. Commonwealth Ct. 424, 545 A.2d 465 (1988); *Economy Decorators, Inc. v. Workmen's Compensation Appeal Board (Federici)*, 96 Pa. Commonwealth Ct. 208, 506 A.2d 1357 (1986). Claimant contends that any evidence of disability prior to the date of suspension, as here, is incompetent and irrelevant because it has no bearing on whether the disability continues and is reflected in a loss of earning power beyond that date, and thus, the referee and Board erred in relying upon Dr. Haser's testimony which was based upon his examination of Claimant five days prior to suspension of Claimant's benefits.

---

[2] This Court's scope of review is limited to determining whether constitutional rights were violated, an error of law was committed, or necessary findings of fact are supported by substantial evidence. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa. Commonwealth Ct. 436, 550 A.2d 1364 (1988).

That Dr. Haser's examination preceded Claimant's suspension of benefits by five days relates to the credibility and weight to be accorded his testimony rather than to the testimony's competency. Regardless, the referee did not exclusively rely upon Dr. Haser's testimony to support the conclusions reached. *See* Findings of Fact Nos. 8, 11, 14; Conclusions of Law No. 3. The referee stated as well that Claimant's medical witness, Dr. Basil A. Marryshow, did not testify that Claimant was unable to physically perform as a mining sales engineer. Findings of Fact No. 13. Substantial evidence of record demonstrates that any recurrence of loss of earnings suffered by Claimant results from non-work-related factors, *i.e.*, unsatisfactory efforts and performance at his new position, and not from a work-related disability. Because Claimant's poor job performance triggered his loss of earnings, Employer need not prove continued available work. *See* and *Contrast Goodyear v. Workmen's Compensation Appeal Board (Robbins Door & Sash Co.)*, 96 Pa. Commonwealth Ct. 647, 508 A.2d 637 (1986).

Accordingly, neither the referee nor the Board erred in denying Claimant's reinstatement petition. The decision of the Board is therefore affirmed.

### ORDER

AND NOW, this 4th day of April, 1989, the decision of the Workmen's Compensation Appeal Board is affirmed.

Judge MACPHAIL did not participate in the decision in this case.

---

CONCURRING OPINION BY JUDGE BARRY:

I concur in the result of the majority opinion in this case.

At page 566 *supra* of its opinion the majority states, "Substantial evidence of record demonstrates that any recurrence of loss of earnings suffered by Claimant re-

sults from non-work-related factors, *i.e.*, unsatisfactory efforts and performance at his new position, and not from a work-related disability. Because Claimant's poor job performance triggered his loss of earnings, Employer need not prove continued available work."

Although I view this as a departure from our previous case law concerning a claimant's burden with respect to a petition to lift a suspension, it is not an unwelcome change. I find support for the majority's statement of the law in Section 413(a) of The Pennsylvania Workmen's Compensation Act[1] which provides in pertinent part, "And provided further, that where compensation has been suspended because the employe's earnings are equal to or in excess of his wages prior to the injury that payments under the agreement or award may be resumed at any time during the period for which compensation for partial disability is payable, unless it be shown that the loss in earnings does not result from the disability due to injury."

The purpose for my concurrence is only to suggest that many unanswered questions remain which can and should be answered only through future litigation. Some of those questions surround issues such as: Whether and at what point the burden of proof shifts from the claimant to the employer to show that a loss in earnings does not result from the disability due to injury? Whether a claimant's unsuccessful attempt to lift a suspension will result in a termination of benefits? If not, under what circumstances will a claimant be able to again lift a suspension? These questions cannot be answered within the context of this case inasmuch as they were neither raised nor briefed.

Accordingly, I concur in the result of the majority opinion and concur in the direction of the law as set forth

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §772.

in that opinion but must point out that many questions remain unanswered by the opinion and it would be foolhardy to assume that any of them have.