**Kurpe v. City of Sharon**

*Michael S. Barr,* for plaintiffs.
*Ronald D. Amrhein,* for defendant.

FRAMPTON, *J.,* February 17, 1994—Currently before the court for disposition is the defendant, City of Sharon's, motion for judgment on the pleadings.

The following facts give rise to this action:

On January 2, 1986 the plaintiffs were the record owners of a certain piece or parcel of land located at 491 Prindle Street, Sharon, Mercer County, Pennsylvania. Located on said property was an improvement of a two-story, ten room, wood-framed dwelling which it is alleged the plaintiffs were in the process of remodeling. It is further alleged that on January 2, 1986 the defendant, City of Sharon, through its agent, defendant Baldarelli, caused the plaintiffs' dwelling to be demolished without notice to the plaintiffs and without their consent.

## DISCUSSION

The sole question presented to this court is whether judgment on the pleadings is to be properly granted on the basis that the plaintiffs' claim lies in eminent domain rather than an action in trespass as filed by the plaintiffs and whether the Eminent Domain Code provides the exclusive remedy for this action.

Pennsylvania Rule of Civil Procedure 1034 provides for judgment on the pleadings after pleadings have been closed but within such time as not to delay trial. Pa.R.C.P. 1034. The question for the court's review is whether on the facts averred through the pleadings alone the law says with certainty that no recovery is possible. *Kerr v. Borough of Union City,* 150 Pa. Commw. 21, 614 A.2d 338 (1992). The courts have held:

"[A] motion for judgment on the pleadings may be granted in cases which are so free from doubt that a trial would clearly be a fruitless exercise. Such a

motion is in the nature of a demurer; all of the opposing party's well pleaded allegations are viewed as true but only those facts specifically admitted by him may be considered against him."

*Gallo v. J.C. Penney Casualty Insurance Co.,* 328 Pa. Super. 267, 270, 476 A.2d 1322, 1324 (1984), quoting *Karns v. Tony Vitale Fireworks Corp.,* 436 Pa. 181, 184, 259 A.2d 687, 688 (1969); see *Keblish v. Thomas Equipment, Ltd.,* 427 Pa. Super. 93, 628 A.2d 840 (1993); *Kelly v. Nationwide Insurance Co.,* 414 Pa. Super. 6, 606 A.2d 470 (1990). In conducting its inquiry into the facts presented the court should concern itself only with the pleadings themselves and any documents or exhibits properly attached thereto and not such affidavits, depositions or briefs presented by the parties. *Id.* at 10, 606 A.2d at 471; *Gallo v. J.C. Penney Casualty Insurance Co., supra,* at 270, 476 A.2d at 1324.

The defendant, City of Sharon, argues that the plaintiffs' exclusive remedy is an action pursuant to the Eminent Domain Code 26 Pa.C.S. §1-101 et seq.[1] Further, the defendant argues the Eminent Domain Code provides the complete and exclusive procedure to govern this action, therefore, the plaintiffs properly should have petitioned for a board of viewers to be appointed in order to assess what damages, if any, should be awarded.

The plaintiffs argue that the action is one where the City of Sharon, through its agent, co-defendant Levio Baldarelli, acted negligently in carrying out their police

---

1. The Eminent Domain Code §1-303 provides in relevant part:

"It is intended by this Act to provide a complete and exclusive procedure and law to govern all condemnations of property for public purposes and the assessment of damages therefor ... ."

Under the Eminent Domain Code to condemn is further defined in the code as: "to take, injure or destroy private property by authority of law for a public purpose." 26 Pa.C.S. §1-201.

power in that the basis of plaintiffs' case is failure to give notice and failure to receive consent prior to demolishing the plaintiffs' dwelling.

The court in *Fulmer v. White Oak Borough,* 146 Pa. Commw. 473, 606 A.2d 589 (1992), stated that prior to reaching the question of whether the exclusive remedy available is provided for by the code, it must be determined whether the parties are entitled to proceed under the code in the first place. "Acts not done in the exercise of eminent domain and not the immediate, necessary or unavoidable consequences of such exercise cannot be the basis of a proceeding in eminent domain." *Id.* at 476, 606 A.2d at 590, see also, *Enon Valley Telephone Co. v. Market,* 90 Pa. Commw. 53, 493 A.2d 800 (1985). In determining whether a particular action is an exercise of eminent domain the court must focus upon the nature of the acts complained of. *Fulmer, supra* at 476, 606 A.2d at 590.

The difficulty in this case lies in distinguishing the city's power to take property under eminent domain as opposed to the city's police power. The Pennsylvania courts have found that police power is distinguishable from the power of eminent domain in that:

"Police power involves the regulation of property to promote health, safety and general welfare and its exercise requires no compensation to the property owner, even if there is an actual taking or destruction of property, while eminent domain is the power to take property for public use, and compensation must be given for property taken, injured or destroyed."

*Balent v. City of Wilkes-Barre,* 89 Pa. Commw. 578, 580-81, 492 A.2d 1196, 1197 (1985), quoting, *Redevelopment Authority of Oil City v. Woodring,* 498 Pa. 180, 186, 445 A.2d 724, 727, (1978), see also, *White's Appeal,* 287 Pa. 259, 264, 134 A. 409 (1926). The

police power controls an owner's use of property for the good of the public, its use by the owner otherwise being a detriment to the general welfare. However, the power of eminent domain is a taking of property because it is useful to the public. *Balent, supra* at 580-581, 492 A.2d at 1197. See *Northeast Outdoor Advertising, Inc. Appeal,* 69 Pa. Commw. 609, 612, 452 A.2d 83, 85 (1982). The analysis boils down to the sovereign's ability to regulate the use of land for the good of the public versus the sovereign's right to take property for the use of the public.

In *Balent,* the appellants were the owners of a building which was seriously damaged by fire and some 20 months after the fire was demolished by the City of Wilkes-Barre. The appellants contended the demolition was a de facto taking and they petitioned for a board of viewers to assess the damages. In affirming the trial court the Commonwealth Court held that the property was demolished under the city's police power and not under its power of eminent domain. *Balent, supra at 579, 492 A.2d at 1197.*

Similarly, in the current case the plaintiffs argue that the City of Sharon demolished their property without proper notice and without their consent. The nature of the act complained of is in the vein of a due process argument by failing to give proper notice prior to destroying the plaintiffs' building. The complaint does not allege that the City of Sharon took the property for a public purpose or for public use. Rather the claim is that the City of Sharon demolished the dwelling at 491 Prindle Street for the general welfare of the citizens of Sharon.

It is not the duty of this court at this stage to judge the merits of the plaintiffs' case. It is, however, the holding of this court that the plaintiffs' action does

not lie in eminent domain and therefore defendant, City of Sharon's motion for judgment on the pleadings should be denied.

Hence this order.

## ORDER

And now, February 17, 1994, it is the order of this court, that defendant, City of Sharon's motion for judgment on the pleadings is hereby denied.