Board of Supervisors of Upper Frederick Township, Appellant, *v.* Moland Development Company, Inc., Appellee.

Moland Development Company, Inc., Appellant, *v.* Board of Supervisors of Upper Frederick Township, Appellee.

Argued March 31, 1975, before President Judge BOW-
MAN and Judges CRUMLISH, JR., KRAMER, WILKINSON,
JR., ROGERS and BLATT. Judge MENCER did not partici-
pate.

*Willard C. Hetzel,* with him *David B. Fitzgerald,* for
Board.

*J. Edmund Mullin,* for Moland Development Com-
pany.

OPINION BY JUDGE WILKINSON, May 23, 1975:

Three appeals are consolidated here for our disposition. All revolve around one central issue: Is Upper Frederick Township Ordinance 60-1 a proper exercise of the authority granted to the Township by the Second Class Township Code, Act of May 1, 1933, P.L. 103, *as amended*, 53 P.S. §65101 et seq., or is the ordinance, as Moland Development Company (Moland) argues and the court below found, a de facto zoning ordinance, and, as such, invalid for any one of a number of reasons cited by Moland and the lower court?

On October 30, 1970, Moland submitted a plot plan and a request for a permit to construct a planned mobile home community on its 59-acre tract in Upper Frederick Township. Moland plans to provide eventually for 422 units on the tract, or approximately seven units per acre. Moland specifically requested relief from Ordinance 60-1 entitled "Upper Frederick Township Regulation of Lot Size and Sewage Disposal Ordinance of 1960." This ordinance requires, *inter alia*, a minimum lot size for structures used for human habitation of 31,250 square feet, approximately one building for every three-quarters of an acre.

On November 13, 1970, the Board of Supervisors of Upper Frederick Township (Township) denied Moland's request, ostensibly on the grounds that Moland's application was not in sufficient detail to enable the Township to determine whether all other parts of the ordinance had been complied with. The Township requested additional information which Moland argues would be quite expensive to produce and would be a needless waste if relief from the minimum lot size requirement was not obtained.

On December 11, 1970, Moland instituted two actions before the Court of Common Pleas of Montgomery County. The first was a petition for allowance to challenge the validity of Ordinance 60-1 pursuant to Section 801 of the Pennsylvania Municipalities Planning Code,

Act of July 31, 1968, P. L. 805.[1] Moland's second action was a petition for an allowance of an appeal from the refusal of the application for development, pursuant to the Local Agency Law, Act of December 2, 1968, P. L. 1133, 53 P.S. §11301 et seq.

While the above actions were being litigated, the Township was in the process of adopting and enacting a comprehensive plan and a zoning ordinance. The public meeting scheduled for the purpose of considering and approving a comprehensive plan was first publicized in a newspaper of general circulation on December 23, 1970. On January 13, 1971, the local planning commission approved the plan and on July 7, 1971, the Township adopted the comprehensive plan and zoning ordinance. Under this 1971 ordinance, Moland's property would be zoned for single family housing on lots of not less than 50,000 square feet each, or approximately one residence per one and one-quarter acres. Moland filed a complaint challenging the legality of the adoption of the comprehensive plan and zoning ordinance.

All three actions were heard together in the court below, and after a delay occasioned by unsuccessful settlement negotiations, the court, on April 1, 1974, handed down its order and opinion. The court sustained Moland's challenge to the validity of Ordinance 60-1 and ordered that Moland be permitted to proceed with its plans. The Township's appeal to this ruling is docketed at No. 523 Commonwealth Docket 1974. The court then dismissed Moland's appeal under the Local Agency Law; Moland's appeal to this ruling is docketed at No. 537 Commonwealth Docket 1974.[2] The court also ruled that the Township's attempt to enact a zoning ordinance was invalid

---

1. This Section was repealed by the extensive amendments of the Act of June 1, 1972, P.L. 333; however, Section 801 remains the law of this case. See *Northampton Township v. G.R.S.H. Inc.*, 14 Pa. Commonwealth Ct. 364, 322 A.2d 758 (1974).

2. Moland admits that this appeal is a protective action, should its challenge to the validity of Ordinance 60-1 not be upheld.

and voided that ordinance. The Township's appeal to this ruling is docketed at No. 522 Commonwealth Docket 1974.

Among other requirements not here contested, Ordinance 60-1 requires minimum lot size of 31,250 square feet, a minimum frontage on a public street of 125 feet, minimum lot depth of 250 feet, minimum front yard of 60 feet, and also has side and rear yard requirements. It provides exceptions for a "private garage or other accessory building" and also provides for "Exceptions for Hardships." It specifically permits trailers as long as they comply with all the above requirements and a somewhat more restrictive side yard requirement.

The Township argues that Ordinance 60-1 is a proper exercise of the police power to pass ordinances for the protection of the public health, safety and welfare, and that specific sections of the Second Class Township Code[3] grant the authority for everything contained in the ordinance. We disagree. We will not stretch the language of these basic enabling clauses dealing with health, fire prevention, sanitation and building lines to permit what the lower court found to be, and what we agree are, essentially zoning regulations. Minimum lot size, set back, side and rear yard, accessory uses, special exception and variance ("Exceptions for Hardship") are all zoning concepts.[4] They are not proper areas for regulation, however, unless the statutory safeguards of zoning laws are provided. Upper Frederick Township had no such safe-

---

3. The Township specifically relies on Clauses XXIX, XXXII, XLI, LI, LII and LIII of Section 702 of the Second Class Township Code, 53 P.S. §§65729, 65732, 65741, 65751, 65752 and 65753 (Supp. 1974-1975).

4. See Section 603 of the Pennsylvania Municipalities Planning Code, 53 P. S. §10603. See also Section 2001 of The Second Class Township Code, Act of May 1, 1933, P.L. 103, added July 10, 1947, P.L. 1481, §47, as amended, 53 P.S. §67001, which, although now repealed by the Pennsylvania Municipalities Planning Code, was a predecesor to Section 603 and which was in effect when Ordinance 60-1 was enacted by the Township.

guards; for example, there was no comprehensive plan or official zoning map, no board of adjustment or zoning hearing board. In referring to the same Section of The Second Class Township Code, the Pennsylvania Supreme Court stated in *Commonwealth v. Ashenfelder*, 413 Pa. 517, 522, 198 A.2d 514, 516 (1964):

> "An examination of §702 indicates that its language is most inappropriate and inadequate to evidence any intent on the part of the legislature to delegate to second class townships vast and extensive police powers; certainly no interest is manifest or evident to grant powers to second class township to act in areas where the Commonwealth itself, through legislative enactments, has provided regulation."

The Commonwealth has provided regulation in this area in the form of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P. L. 805, *as amended,* 53 P. S. §10101 et seq. It is uncontested that the Township did not even attempt to comply with this law.

In addition to the irregularities already mentioned, which are in themselves sufficient basis to uphold Moland's position, we agree with the lower court's conclusion the Ordinance 60-1 totally excludes trailer parks from the Township. Trailer parks are a legitimate use of land. *East Pikeland Township v. Bush Brothers, Inc.,* 13 Pa. Commonwealth Ct. 578, 319 A.2d 701 (1974). The law is clear in Pennsylvania that a township-wide ban on an otherwise legitimate use of property without proof that such use is injurious to the public health, safety and welfare is unconstitutional. *Beaver Gasoline Company v. Osborne Borough,* 445 Pa. 571, 285 A.2d 501 (1971); *Concord Township Appeal,* 439 Pa. 466, 268 A.2d 765 (1970); *Girsh Appeal,* 437 Pa. 237, 263 A.2d 395 (1970); *Camp Hill Development Company v. Zoning Board of Dauphin,* 13 Pa. Commonwealth Ct. 519, 319 A.2d 197 (1974). The Township has offered no such proof.

Finally, the Township argues that Moland is bound by the zoning ordinance enacted in 1971, because that

ordinance was pending when Moland made its October 30, 1970 application. An ordinance is not legally pending until public notice of the ordinance is given. *Mutzig v. Hatboro Board of Adjustment,* 440 Pa. 455, A.2d 694 (1970) ; *Northampton Township v. G.R.S.H., Inc.,* 14 Pa. Commonwealth Ct. 364, 322 A.2d 758 (1974). Since the statutorily required public notice regarding either the comprehensive plan or the zoning ordinance was not given until December 23, 1970, at the earliest, Moland's application of October 30, 1970, is not governed by that later enacted ordinance.

Since we find that Ordinance 60-1 was, in effect, a zoning ordinance, Moland's procedure of challenging its validity under the then existing Section 801 of the Pennsylvania Municipalities Planning Code was the proper procedure rather than its appeal pursuant to the Local Agency Law. Furthermore, Section 801(2) of the Pennsylvania Municipalities Planning Code specifically permitted a challenge to a minimum lot size or maximum density requirement without the necessity of a full and complete application, thus providing the authority for Moland to proceed to the lower court without complying with the Township's request for additional data.

Accordingly, we affirm the lower court in the two appeals docketed at Nos. 523 and 537 Commonwealth Docket 1974. In so doing, however, we are not granting Moland the right to develop its trailer park unfettered by any regulations. Although we hold that Moland must be permitted to proceed with its plans as submitted on October 30, 1970, Moland must comply with any other lawful and reasonable laws or ordinances of the Township then in effect, and with all applicable laws and regulations of the Commonwealth.

Because our decision in the above appeals permits Moland to proceed unaffected by the subsequently enacted zoning ordinance, Moland's challenge to its validity is moot. Accordingly, we dismiss the appeal docketed at No. 522 Commonwealth Docket 1974.