Frank A. McKee and Helen F. McKee, husband and wife *v.* Township of Montgomery. Montgomery Township, Appellant.

Argued April 6, 1976, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*William R. Cooper, II,* with him *Stewart J. Greenleaf,* and *Emory W. Buck,* for appellant.

*Robert J. Jackson,* with him *Kassab, Cherry and Archbold,* for appellees.

Opinion by Judge Blatt, October 5, 1976:

This is an appeal by the Township of Montgomery (Township) from a decision and order of the Court of Common Pleas of Montgomery County upholding the challenge of Frank A. McKee and Helen F. McKee who alleged that the Township zoning ordinance excluded development of mobile home parks and was therefore unconstitutional.

The McKees own approximately 87 acres of land in the Township upon which they would like to develop and operate a mobile home park to accommodate at least 675 mobile home units, or approximately 7.8 such units per acre. The parcel of land in question is currently zoned R-1 residential which permits single family dwellings on minimum lot sizes of 40,000 square feet, or approximately one unit per acre. Believing that mobile home parks were prohibited throughout the Township and recognizing that such a development could not be constructed in their own zoning district, the McKees filed a challenge to the validity of the Township zoning ordinance and submitted a proposed curative amendment to the Township Board of Supervisors (Supervisors) in accordance with Section 1004(1)(b) of the Pennsylvania Municipalities Planning Code[1] (MPC), 53 P.S. §11004(1)(b).

As our prior decisions have firmly established, a township-wide ban of mobile home park usage, without proof that such use is injurious to the public health, safety and welfare, is unconstitutional. *Board of Supervisors of Upper Frederick Township v. Moland Development Company, Inc.,* 19 Pa. Commonwealth Ct. 207, 339 A.2d 141 (1975); *East Pikeland*

---

[1] Act of July 31, 1968, P.L. 805, *as amended.*

*Township v. Bush Brothers, Inc.,* 13 Pa. Common-wealth Ct. 578, 319 A.2d 701 (1974). It is relevant, therefore, that both parties here involved admit that on June 29, 1973, when the McKees' challenge was filed, the existing zoning ordinance expressly pro-hibited "house trailer" uses.[2] On December 23, 1973, however, subsequent to hearings on the McKees' chal-lenge but prior to a decision thereon, the Supervisors amended the zoning ordinance so as to delete the ex-press prohibition of house trailer usage. From our examination of the record and from the assertions of the parties, it seems evident that this amendment to the ordinance had not been pending on June 29, 1973 when the McKees filed their challenge to the existing ordinance. The amended ordinance, there-fore, is not applicable to the challenging landowners' case. *Dublin Properties v. The Board of Commis-sioners of Upper Dublin Township,* 21 Pa. Common-wealth Ct. 54, 342 A.2d 821 (1975); *See Casey v. Zoning Hearing Board of Warwick Township,* 459 Pa. 219, 328 A.2d 464 (1974).

Inasmuch as the Township ordinance here ex-pressly prohibited mobile home park usage at the time the challenge was filed, it was encumbent upon the township to prove that the prohibition was for a legitimate public purpose and bore a reasonable rela-tionship to the public health, safety, morals, and gen-eral welfare. *See Beaver Gasoline Company v. Os-borne Borough,* 445 Pa. 571, 285 A.2d 501 (1971); *Board of Supervisors of Upper Frederick Township*

---

[2] Section 1209(A) of the Montgomery Township Zoning Ordi-nance of 1952, *as amended,* reads:

" 'Section 1209' Prohibited Uses. The following uses shall be prohibited in any District in this township:

"A. The occupancy of a house trailer."

We have no doubt that mobile homes and house trailers are merely different terms for the same entity.

*v. Moland Development Company, Inc., supra; East Pikeland Township v. Bush Brothers, supra.* This, we believe, it did not do.

Our careful review of the record indicates that the court below properly considered this issue and found the Township's proof lacking. The court below considered traffic problems which might result in mobile home park development and the availability of utility services and of fire protection; it also gave consideration to aesthetics and other environmental factors. It concluded that a total exclusion of mobile home park development was not justified, and that the total exclusion of mobile home park development at the time of the McKees' challenge to the zoning ordinance was, therefore, unconstitutional. It ordered the Township authorities to issue the appropriate building permits to the McKees, and we affirm.

### ORDER

AND NOW, this 5th day of October, 1976, the decision and order of the Court of Common Pleas of Montgomery County is hereby affirmed.