Edward B. Meyers and Irwin B. Robbins, t/a Best Homes, Appellants *v.* The Board of Supervisors of Lower Makefield Township, Appellee.

Argued September 26, 1978, before President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Rogers, Blatt, DiSalle and MacPhail. Judges Mencer and Craig did not participate.

*Franklin H. Spitzer*, with him *Richard P. Mc-Bride* and *Power, Bowen & Valimont*, for appellants.

*William J. Carlin*, with him *John P. Koopman*, and *Begley, Carlin, Mandio, Kelton & Popkin*, for appellee.

Opinion by Judge Wilkinson, Jr., November 22, 1978:

The landowners in this appeal, Edward B. Meyers and Irwin B. Robbins (appellants), challenge the constitutionality of the zoning ordinance of Lower Make-

field Township (Township), alleging the ordinance excludes mobile home parks as a permitted use. The Township Board of Supervisors (Board) rejected this contention and their action was sustained by the Court of Common Pleas of Bucks County. We reverse and remand.

Appellants are the owners of an 80-acre tract of land in the Township presently located in an R-1 District which limits residential development to single family dwellings on one acre lots. Appellants filed a substantive challenge to the validity of the existing ordinance and submitted a curative amendment and a proposed development plan for the 80-acre tract that would have permitted a 480-unit mobile home park on the tract. The plan and ordinance were submitted to the Bucks County Planning Commission and the Township Planning Commission, both of which rejected appellants' plan.[1] Subsequently five hearings were held before the Board. Included in appellants' evidence before the Board was the testimony of a land planner, a realtor, civil engineer and architect.

Appellants premised their attack on two sections of the zoning ordinance: Section 101 which defined a mobile home park as "a parcel of land under single ownership which has been planned and improved for the placement of mobile homes for a nontransient use, consisting of two or more mobile home lots"; and Section 1011 which provides, "No lot may be used as a junkyard, automobile wrecking yard, commercial

---

[1] The submission of appellants' proposal was made pursuant to Section 609.1 of the Pennsylvania Municipalities Planning Code (PMPC), Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §10609.1. The Bucks County Planning Commission also recommended that the Township amend its ordinance to allow for mobile home parks with a density of five to seven units per acre.

piggery, drive-in movie or drive-in theatre [or]mobile home park. . . .". The proposed curative amendment would have created a mobile home park district which would have permitted mobile home lots as well as provisions for the sale of mobile homes and fixtures as an "accessory use" and for commercial areas not to exceed five per cent of the gross site to serve residents of the district where the mobile home park site is in excess of 50 acres. In addition, separate density (8 units per acre) and set back requirements, distinct from those for other residential districts would have been established.

The Board denied the application for a curative amendment and rendered findings of fact and conclusions of law. The Board found, *inter alia*, that: "The suggested ordinance in addition to allowing for a mobile home park provides for a variety of commercial uses including the sale and repair of mobile home units," and "The Lower Makefield Zoning Ordinance would permit the assembling of mobile homes in a park like area for residential purposes provided they met all the minimum requirements of density, lot size, and set back of the District in which they are proposed to be located." With respect to these findings, the Board concluded that appellants failed to meet their burden in showing that the ordinance was exclusionary with respect to mobile home parks and that even assuming the ordinance was exclusionary, that the Township was not legally required to accept their application because the proposed curative amendment provided for a combination of commercial and residential uses.

The common pleas court found the language of Section 1011 to be "enigmatic," but concluded nonetheless that this language was only "precatory" and that mobile home parks could be created in the Township so long as they comply with regulations imposed

upon like residential units within the district in which they are proposed to be located. Regarding the combination of commercial uses, the court stated, "It may well be that those who engage in the business of constructing and renting mobile home park pads find it profitable to furnish commercial services for their tenants, but such commercial uses are not essential to the existence of a mobile home park."

Appellants raise the following questions before this Court: (1) Was the zoning ordinance, as applied to the property of appellants, an invalid exercise of the police power due to the total exclusion of a legitimate residential use from the Township, to wit mobile home parks; (2) Are appellants entitled to proceed with the use of their property in accordance with the plans and materials submitted with the curative amendment, providing that all other zoning regulations of the Township are met; and (3) Whether the Board of Supervisors may impose costs on appellants.

Because the court below took no additional testimony, we must look to the decision of the Board to determine if, in upholding the constitutionality of the ordinance, the Board committed an abuse of discretion or error of law.

A presumption of validity attaches to any challenged ordinance; however, this presumption is rebutted when the challenge demonstrates the ordinance entirely excludes a legitimate use and the burden then shifts to the municipality to show that the regulations bear a substantial relationship to the public health, safety and welfare. *Beaver Gasoline Co. v. Osborne Borough*, 445 Pa. 571, 285 A.2d 501 (1971). This Court has repeatedly held that use of land as a mobile home park is a legitimate use. *McKee v. Township of Montgomery*, 26 Pa. Commonwealth Ct. 487, 364 A.2d 775 (1976); *Board of Supervisors v. Moland Development Co.*, 19 Pa. Commonwealth Ct.

207, 339 A.2d 141 (1975); *East Pikeland Township v. Bush Brothers, Inc.*, 13 Pa. Commonwealth Ct. 578, 319 A.2d 701 (1974).

It seems too clear for argument that Section 1011 of the Township zoning ordinance was intended to and does prohibit the development of mobile home parks and thus, at the very least, this section is unconstitutional on its face. The Township, however, argues that by reason of the ordinance's severability clause, the remaining sections of the ordinance can be read so as to allow for mobile home parks in any residential district in the Township so long as the applicable density, lot size and other requirements of a given district are met. This argument must fail for three reasons. First, it is apparent the legislature has recognized that general land use regulations are inappropriate in a practical sense when planning for a mobile home park by virtue of its 1972 amendment to Section 501 of the PMPC, 53 P.S. §10501, which requires that regulations for mobile home parks be separate and distinct from other subdivision and residential development regulations. Second, it is clear from the record that application of the township's general residential zoning regulations would place an unreasonable restriction on mobile home park development in the Township[2] and would thereby impermissibly effect an exclusionary result. *See Concord Township Appeal,* 439 Pa. 466, 268 A.2d 765 (1970). Thirdly, permitting the Township to avoid the consequences of an unconstitutional zoning scheme by allowing the application of general zoning regulations would be in

[2] The highest density district in the Township, R-4, would permit development of a mobile home park with a density of 2.1 units per acre. Appellants presented testimony showing that the average density for mobile home parks was six to eight units per acre (contrasted with the Township's witness who testified the "optimum" density for mobile home parks should be four units per acre).

derogation of pronouncements by our Supreme Court that landowners who successfully challenge an exclusionary zoning scheme must be given relief. As was stated by the Court in *Casey v. Zoning Hearing Board,* 459 Pa. 219, 230, 328 A.2d 464, 469 (1974), "To forsake a challenger's reasonable development plans after all the time, effort and capital invested in such a challenge is grossly inequitable."

Based on the rationale in *Casey, supra,* as well as numerous decisions of this Court, it follows that appellants here, having successfully challenged the constitutionality of the Township zoning ordinance, are entitled to proceed to develop their land, pursuant to their proposed development, subject to otherwise reasonable zoning regulations, water, sewage and other safety regulations of the Township.[3] *See Appeal of Olson,* 19 Pa. Commonwealth Ct. 514, 338 A. 2d 748 (1975).

Finally, we consider appellants' third question on review, the Township's imposition of costs on appellants. As a condition precedent to the filing of the curative amendment, the Board required by resolution that appellants deposit with the Township the sum of $1,000, $250 to be considered a filing fee and $750 as a deposit toward "costs" of their application. Following the initial hearing, an additional $750 was required, followed by a third request for an addition-

---

[3] Similarly, the Township's contention that they were not required as a matter of law to accept the proffered amendment or permit the development because the amendment provided for a mix of commercial and residential uses is in error. The curative amendment is merely a proposal or suggestion intended to aid the governing body should it decide to amend its ordinance. On appeal the curative amendment is no longer viable; rather, it is the development plan which must be subject to review. *Olson, supra.* Appellants' development does not contain a proposal for a commercial area in the park, but merely a sales area for mobile homes to be retained as an accessory use until the park is fully developed.

al $1,500 which appellants declined to pay. Appellants, having paid the $1,750 without protest, now assert there is no statutory authority for the imposition of costs incurred in the conduct of proceedings held pursuant to a challenge and submission of a curative amendment. We agree with the court below that the case is not in the proper posture to decide this issue. No objection appears to have been made at the time of payments, and, as far as this record is concerned, no steps have been taken to collect the additional $1,500 requested.

Accordingly, we will enter the following

## ORDER

AND Now, November 22, 1978, it is hereby ordered and decreed that the zoning ordinance of lower Makefield Township is unconstitutional by virtue of and to the extent of its failure to provide for a mobile home park district. It is hereby ordered that the record be remanded to the Court of Common Pleas of Bucks County with instructions to permit the development of a mobile home park on the tract of land owned by Edward B. Meyers and Irwin B. Robbins, appellants, containing 80 acres located along Twining and Lindenhurst Roads in the Township, subject to such reasonable restrictions as may necessarily be imposed by the Township to secure compliance with the Township's building, sewage, safety and water regulations. The court is to retain jurisdiction of the case during the pendency of such proceedings.

---

CONCURRING AND DISSENTING OPINION BY JUDGE ROGERS:

I concur in the majority's conclusions that the Lower Makefield Township Zoning Ordinance unconstitutionally prohibited the use of any lands in the

township for mobile home parks and that the appellants should be permitted to have a mobile home park. I do not agree that the appellants should additionally be permitted to have a two acre commercial enterprise in the township's R-1 Low Density Residential District.

The appellants' request for curative amendment suggested that the township establish a new zoning district to be called the Mobile Home Park District. Among the regulations proposed for the new district is a provision for commercial use. The majority opinion refers to the commercial use proposed by the appellants as the furnishing of commercial services for tenants of their mobile home park. An examination of the proposal for the curative amendment discloses that it contains virtually no restriction upon the kind of commercial enterprise allowed and no limitation whatsoever on the persons who might be served. In addition, the appellants' sketch plan filed with the proposed curative amendment shows a two acre sales area located at the intersection of two public roads. Not only is there no indication of what among the almost unlimited types of commercial uses are to be established by the developer on its sales area lot, there is no indication either in the proposed regulations, the sketch plan or in any other filing that the commercial area will be for the primary, much less the exclusive, use or convenience of the tenants of the proposed mobile home park. Indeed the proposed location of the sales area at the intersection of two public roads is one which would appear to be more accessible to the general public than to most of the tenants of the mobile home park.

The majority's order in short permits the establishment of a substantial general commercial enterprise in Lower Makefield Township's most restrictive and lowest density residential zoning district. This

allowance in my opinion far exceeds any action required to afford the appellants the relief necessary to overcome the unconstitutionally restrictive effect of the township's zoning ordinance with respect to mobile home parks.

The duty imposed on a court which has concluded that a zoning regulation is unconstitutional is not that of approving the applicant's proposed development as filed but to "permit the challenging landowner to develop his land as proposed in the 'plans and other materials' submitted with the challenge, *provided, of course, that what is submitted is reasonable, . . . .*" *Ellick v. Board of Supervisors*, 17 Pa. Commonwealth Ct. 404, 411, 333 A.2d 239, 244 (1975) (emphasis supplied). In *Kaufman and Broad, Inc. v. West Whiteland Supervisors*, 20 Pa. Commonwealth Ct. 116, 340 A.2d 909 (1975), the landowner's plans submitted with its application for curative amendment included not only residential uses which were unconstitutionally excluded by the zoning ordinance but also other residential uses which may have been permitted in other zoning districts. We said in *Kaufman and Broad, Inc. v. West Whiteland Supervisors, supra,* that it would "seem unjust to allow [the developer] to develop its land in this manner" and remanded the case to the court below for it to exercise its broad supervisory powers to determine whether some of the proposed residential uses were in fact permitted elsewhere in the township and in such case presumably to excise such from the proposed development. Here the developer proposes not only a residential use unlawfully excluded but in addition commercial uses which we know from the index to the Lower Makefield Township Zoning Ordinance included in the record are permitted in some zoning districts. In my opinion, we should follow the principle laid down in *Kaufman and Broad, Inc. v. West Whiteland Super-*

*visors, supra,* and excise the commercial area from the appellants' proposal.

Judge DiSALLE joins in this Concurring and Dissenting Opinion.