Environmental Communities of Pennsylvania, Inc., Appellant *v.* North Coventry Township, Appellee.

Argued October 3, 1979, before Judges Crumlish, Jr., Wilkinson, Jr. and Mencer, sitting as a panel of three.

*James E. McErlane,* of *Lamb, Windle & McErlane,* for appellant.

*Timothy F. Hennessey,* for appellee.

OPINION BY JUDGE CRUMLISH, JR., February 1, 1980:

We are again confronted with a municipal zoning ordinance which totally excludes a specific land use.in a township, *i.e.,* the development of a mobile home park, and we reaffirm our stance that such an ordinance is unconstitutional.

Environmental Communities of Pennsylvania, Inc. (ECOP), is the owner of 62.5 acres of land in North Coventry Township, Chester County, whereon it wants to install a mobile home park. Arguing that the Township zoning ordinance failed to provide for it, ECOP filed a curative amendment requesting rezoning of the FR-2[1] district where the land is located. The zoning board denied the request and the court below affirmed.

North Coventry Township replies that the ordinance does not exclude mobile home parks and that the evidence discloses that a mobile home park would be a permitted use in the district zoned R-4.[2]

The R-4 district provides for single-family detached dwellings on minimum 5,000 square foot lots and permits semi-detached, row, two-family and multi-family dwellings to the exclusion of all other uses.

---

[1] The FR-2 district requires a minimum of two acres for a single-family detached dwelling. Appellant is desirous of placing approximately four mobile homes per acre.

[2] The residential zones are:

| | | |
|---|---|---|
| FR-1 | 3-acre minimum | 20.88% |
| FR-2 | 2-acre minimum | 41.61% |
| R-1 | 1-acre minimum | 17.85% |
| R-2 | 20,000 square foot minimum | 6.49% |
| R-3 | 10,000 square foot minimum | 2.55% |
| R-4 | 5,000 square foot minimum | 1.37% |

The Township produced testimony indicating that mobile homes exist in the Township and are treated the same as single-family detached dwellings. Thus, it is argued that, although mobile homes are not specifically provided for in the ordinance, it is clear that mobile homes are permitted and that a mobile home park would be permitted.

The fatal flaw in this approach is that a mobile home park is not simply a conglomeration of mobile homes, but rather a planned community involving social, recreational and commercial activities. It is beyond dispute that zoning bodies must provide for this legitimate land use or provide substantial justification for its exclusion.

Even if we assume that a mobile home is impliedly a permitted usage, it has been previously determined by this Court that the device of permitting mobile homes on individual lots will not substitute for the responsibility of providing for mobile home parks, *Whitemarsh Township v. Kravitz,* 39 Pa. Commonwealth Ct. 306, 395 A.2d 629 (1978).

Furthermore, a review of the entire record fails to convince us that establishment of this community would impede the health, safety and welfare of the Township inhabitants.

Finally, even were we to admit the possibility of this development in the R-4 district, that district comprises but 1.37% of the total Township acreage. ECOP's land is zoned for a minimum of two-acre lots. About 63% of the Township is set aside for minimum two or three-acre lots, despite the fact that the Township abuts the heavily populated Pottstown Borough. An ordinance providing for such excessive minimum lot requirements, *i.e.,* 80% of the Township zoned for one acre or more and limiting feasible construction sites to 1.37%, does not provide for a fair share of the Township acreage for this land use. *Township of Wil-*

*listown v. Chesterdale Farms, Inc.,* 462 Pa. 445, 341 A.2d 466 (1975).

Mobile home parks provide an attractive home ownership option to millions of Americans. Ingenious rationalizations for avoiding Township responsibility to permit individuals to exercise constitutional rights to use their land have been consistently rejected by the Pennsylvania Courts. Such a rationalization is equally misguided here.

Accordingly, we

### ORDER

AND Now, this 1st day of February, 1980, the order of the Court of Common Pleas of Chester County, dated December 1, 1977, is hereby vacated, and it is ordered that the entire matter be remanded to the Court of Common Pleas of Chester County for the purpose of reviewing the plans and specifications presented by Environmental Communities of Pennsylvania so as to permit the landowner to proceed with its proposed development, subject to all of the other reasonable zoning regulations applicable to the type of development involved.

Judge DISALLE did not participate in the decision in this case.