Calvin C. and Sonia Geiger *v.* Zoning Hearing Board of the Township of North Whitehall et al. North Whitehall Township, Appellant

Argued April 3, 1984, before President Judge CRUMLISH, JR. and Judges ROGERS, MACPHAIL, DOYLE, BARRY, COLINS and PALLADINO.

*Michael J. Piosa, Weaver, Mosebach, Piosa & Hixson, P.C.*, for appellant.

*Charles W. Stopp, Steckel and Stopp*, for appellees.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., October 1, 1984:

The North Whitehall Township appeals a Lehigh County Common Pleas Court order which reversed the Zoning Hearing Board's decision and declared the Township Zoning Ordinance unconstitutional.[1] We affirm.

The Geigers sought to establish a mobile home on their 40-acre single-family dwelling lot.[2] They filed for a special exception pursuant to Section 705.3.3(jj) of the North Whitehall Township Zoning Ordinance, which allows for the placement of a mobile home on an individual lot only for related persons who are dependent on their family by virtue of physical and/or mental disability. The Geigers requested a constitutional challenge to the ordinance be held in abeyance until the Board ruled on the exception. The Board denied the exception.

The Geigers then instituted the constitutional challenge to the ordinance, which excludes any placement of mobile homes on a single residential lot but permits mobile home parks in the municipality.[3] The Common

---

[1] Section 204.3.1 of the North Whitehall Township Zoning Ordinance.

[2] This district is zoned A-R (Agricultural-Rural).

[3] The record reveals that North Whitehall Township contains eleven mobile home parks.

Pleas Court concluded that the ordinance was unconstitutionally exclusionary.[4]

This is a case of first impression before this Court. The central issue is whether the zoning ordinance, by restricting the use of mobile homes to mobile home parks, unconstitutionally excludes the placement of mobile homes on individual lots.

A constitutional challenge to a zoning ordinance must overcome a presumption of validity by proving that the ordinance entirely excludes a legitimate use; the burden then shifts to the municipality to show that the exclusion reasonably relates to public health, safety and welfare. *Beaver Gasoline Co. v. Osborne Borough*, 445 Pa. 571, 285 A.2d 501 (1971).

The Township contends this ordinance is not exclusionary and that "mobile home" as a use is a term of art with a generic meaning. This Court has recognized mobile homes (on individual lots) and mobile home parks as separate and distinct land development uses, *Meyers v. Board of Supervisors, Lower Makefield Township*, 38 Pa. Commonwealth Ct. 578, 583, 394 A.2d 669, 671 (1978), and further held in *Environmental Communities of Pennsylvania, Inc. v. North Coventry Township*, 49 Pa. Commonwealth Ct. 167, 412 A.2d 650 (1980), that a mobile home park is a planned community involving social, recreational and commercial activities. We have not grouped mobile homes (individually) and mobile home parks in a generic sense nor have we substituted parks for mobile homes on individual lots.

It is well-settled that the use of land as a mobile home park is a legitimate use. *McKee v. Township of*

---

[4] Our scope of review, where no additional evidence is taken by the lower court, is limited to a determination of whether the Zoning Hearing Board abused its discretion or committed an error of law. *Appeal of Township of Middletown*, 51 Pa. Commonwealth Ct. 465, 414 A.2d 768 (1980).

*Montgomery,* 26 Pa. Commonwealth Ct. 487, 364 A.2d 775 (1976). In addition, we have held that the use of mobile homes municipality-wide is a legitimate property use. *Villa, Inc. v. Zoning Hearing Board, Old Forge Borough,* 57 Pa. Commonwealth Ct. 221, 426 A.2d 1209 (1981). In *Board of Supervisors of Upper Frederick Township v. Moland Development Co.,* 19 Pa. Commonwealth Ct. 207, 339 A.2d 141 (1975), we declared unconstitutional an ordinance that specifically permitted mobile homes but excluded mobile home parks.

Here, we are presented with the reverse situation. North Whitehall Township provides specifically for the development of mobile home parks, yet totally excludes mobile home placement on individual lots.[5] The only provision for mobile homes on individual lots stems from a restrictive special exception to the total ban by the Township. Although not specific, the zoning ordinance effectively excludes mobile homes on individual lots in the municipality by restricting the

---

[5] It is this *total* exclusion which distinguishes this case from a previous line of cases involving mobile homes on individual lots: *Anstine v. Zoning Board of Adjustment,* 411 Pa. 33, 190 A.2d 712 (1963), which held that a zoning ordinance provision prohibiting the location of mobile homes on individual lots in a particular residential district placed an unreasonable and discriminatory restriction on the use of the property in question; *County of Fayette v. Holman,* 11 Pa. Commonwealth Ct. 357, 315 A.2d 335 (1973), which upheld a zoning provision excluding mobile homes on individual lots from a particular residential district but permitting them in eighty percent of the county where such regulation is related to the general welfare of the community considering aesthetics and property values; and *Gravatt v. Borough of Latrobe,* 44 Pa. Commonwealth Ct. 45, 404 A.2d 729 (1979), *appeal dismissed,* 491 Pa. 424, 421 A.2d 210 (1980), which upheld a zoning ordinance which excluded mobile homes on individual lots from certain districts and permitted them in other districts on the sole ground that the mobile home "travels" to its permanent site on its own running gear.

use of mobile homes to mobile home parks. In *Zajac v. Zoning Hearing Board of Mifflin Township*, 41 Pa. Commonwealth Ct. 7, 398 A.2d 244 (1979), this Court held where a use is conditioned, by way of a special exception, the provision cannot be mere tokenism. We hold that this token special exception is equivalent to a total prohibition of mobile homes on individual lots, a legitimate land use. "When it is demonstrated that an ordinance entirely excludes a facially legitimate use, the presumption of validity is rebutted; and the municipality must then present evidence to establish that its regulation bears a relationship to the public health, safety and welfare." *Fox Chapel Borough Appeal*, 33 Pa. Commonwealth Ct. 256, 259, 381 A.2d 504, 506 (1978) (citing *Beaver Gasoline Co. v. Osborne Borough*, 445 Pa. 571, 285 A.2d 501 (1971)).

Our careful review of the record reveals that the Township's proof fails to show that a change in *status quo* will affect the health, safety or welfare of the Township's residents. That being so in this case, we hold the ordinance unconstitutional.[6] We hold, further, that the Zoning Hearing Board did commit an error of law in its holding that the ordinance was not exclusionary. The Board has failed to remove the stigma of "exclusionary" because it did not establish

---

This case involves the *total* exclusion of a legitimate use (mobile homes on individual lots) within the township. For this reason, we must apply the test which the courts of this Commonwealth have formulated for the total exclusion of a legitimate use. *See Beaver Gasoline Co.* In *Anstine, Holman* and *Gravatt*, the germane question was whether the exclusion of mobile homes on individual lots from certain districts was proper. In this case, the relevant question is whether the total exclusion of a legitimate use, which happens to be mobile homes on individual lots, is justified.

[6] Since we have determined the ordinance is unconstitutional on other grounds, we need not address the Geigers' contention that the ordinance is unconstitutional because it fails to follow the Township's Comprehensive Plan.

that its regulation bears a relationship to the public health, safety and welfare.

Affirmed.

### Order

The Lehigh County Common Pleas Court order, No. 82-C-1555 dated November 23, 1982, is affirmed.

---

Dissenting Opinion by Judge Rogers:

I respectfully dissent.

This case concerns true mobile homes; that is, objects which can be lived in but which also can be readily moved to other locations. It does not concern objects which, once mobile homes, have been given permanent foundations and embellished with patios, awnings and other decorative features. I do not believe that an ordinance which provides that true mobile homes may be placed only in mobile home parks effects a total exclusion of true mobile homes from the municipality. In *Gravatt v. Borough of Latrobe,* 44 Pa. Commonwealth Ct. 475, 404 A.2d 729 (1979), *appeal dismissed,* 491 Pa. 424, 421 A.2d 210 (1980) and *County of Fayette v. Holman,* 11 Pa. Commonwealth Ct. 357, 315 A.2d 335 (1973), we held that true mobile homes, permitted in some zoning districts, may be excluded from others. I fail to discern a material difference between those cases and this; that is, between the ordinances providing for zoning districts where the location of mobile homes is permitted in the cases cited and the ordinance in this case providing for mobile home parks in which the location of mobile homes is similarly permitted. There are eleven mobile home parks in North Whitehall Township and there is no evidence in this record that these facilities cannot accommodate the appellants' mobile home.

I disagree with the majority's holding that "mobile homes on individual lots" is a discrete use pro-

tected by constitutional principles against total exclusion. Various forms of housing have been identified as entitled to protection from total exclusion for the purpose of assembling living accommodations to persons having low or moderate incomes. Multifamily structures, row houses and indeed trailer parks have been identified as such protected uses. But these allowances are made without regard to whether the forms of protected housing are, or are proposed to be, available for rental or for sale. Undoubtedly, the true mobile home is identifiable as a form of housing convenient for low and moderate income persons and therefore protected from total exclusion by the constitution; but this allowance, too, should be without regard to ownership of the mobile home or the land on which it rests. There is no more warrant to declare that the location of a mobile home on an individual lot is a discrete use protected by the constitution than there is to hold that an apartment in individual ownership must be expressly allowed. We have held that ownership is not a proper subject of zoning. We wrote in *County of Lafayette v. Cossell,* 60 Pa. Commonwealth Ct. 202, 204, 430 A.2d 1226, 1228 (1981) that:

> Zoning regulations "concern the physical use to which the land is put." See Sears Roebuck and Co. v. Power, 390 Pa. 206, 134 A.2d 659 (1957) (holding sales law concepts not to be relevant to zoning). Zoning laws, enactments under the police power, are not concerned with method of ownership of property. See Kaufman and Broad, Inc. v. Board of Supervisors of West Whiteland Township, 20 Pa. Commonwealth Ct. 116, 340 A.2d 909 (1975) (holding the condominium form to be a method of ownership, and not a proper subject of zoning). Zoning ordinances regulate usage; if a use is permitted, a municipality may not regulate the manner of

ownership of the legal estate. See Goldstein v. Upper Merion Township, 44 Pa. Commonwealth Ct. 201, 403 A.2d 211 (1979) (holding that the exercise of an option is irrelevant to zoning).

Further, I respectfully submit that this court has not "recognized mobile homes [on individual lots] . . . as a separate and distinct land development use" as the majority writes. The cases cited in the majority opinion deal with mobile home parks.

The majority's holding accords the true mobile home a unique double allowance. We have held that mobile home parks are a discrete use protected by the constitution[1] and by this case we hold that a mobile home on an individual lot is also a discrete use similarly protected.

I would reverse the order of the Court of Common Pleas of Lehigh County.

Judges DOYLE and BARRY join in this dissent.

---

[1] *Meyers v. Board of Supervisors of Lower Makefield Township,* 38 Pa. Commonwealth Ct. 578, 394 A.2d 669 (1978).