507 A.2d 361

**Appeal of Calvin C. and Sonia GEIGER, Appellees,**

v.

**ZONING HEARING BOARD OF the TOWNSHIP OF NORTH WHITEHALL, Appellant.**

Supreme Court of Pennsylvania.

Argued Oct. 24, 1985.

Decided March 31, 1986.

Michael J. Piosa, Allentown, for appellant.

Charles W. Stopp, Slatington, for appellees.

Before NIX, C.J., and LARSEN, FLAHERTY, McDER-
MOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

OPINION

McDERMOTT, Justice.

This is an appeal from the order of the Commonwealth Court affirming the decision of the Court of Common Pleas of Lehigh County that the Zoning Ordinance of North Whitehall Township unconstitutionally excludes the use of mobile homes on individual lots.

Appellees, Calvin C. and Sonia Geiger, desired to relocate their daughter's transportable home onto their forty acre plot in North Whitehall Township. By operation of the Township's Zoning Ordinance (hereinafter "Ordinance") a home such as the one in question was designated as a "mobile home," and could not be located anywhere in the Township unless authorized as a "special exception" by the Zoning Hearing Board.[1]

Appellees applied for a special exception under the Ordinance. They also indicated that they might challenge the validity of the Ordinance. After a hearing on the special exception issue, the Zoning Hearing Board ruled that appellees had not established their entitlement to a special exception. Appellees filed a notice of appeal with the Court of Common Pleas of Lehigh County, claiming that the Zoning Hearing Board erred in denying the special exception. They also challenged the validity of the Ordinance. By agreement of the parties and before the court of common pleas heard argument on the matter, the Zoning Hearing Board held a hearing on appellees constitutional challenge to the Ordinance. At this latter hearing, it was stipulated that all of the technical requirements of the Ordinance with respect to setback, lot size, rear yard, etc. imposed in Agricultural/Rural Residential districts for a single family detached dwelling would be met by the appellees' plans to

---

1. The Ordinance sets forth provisions governing the granting of a special exception for such homes. For a special exception to be granted the Ordinance requires that the home be used by relatives of the family occupying the single family detached dwelling "who are dependent on their family by virtue of physical and or mental disability and not solely economically dependent." Section 705.3.3(jj).

situate the home on their lot. Mr. Geiger testified as to the details of his plan to permanently locate the home on the lot. The Zoning Hearing Board nonetheless denied appellees' challenge and found the Ordinance constitutional.

On appeal, the Court of Common Pleas of Lehigh County agreed that appellees had not established their entitlement to a special exception. However, the court did find merit in the constitutional challenge, and held that the Township cannot forbid mobile homes on individual lots, a legitimate use, without demonstrating that they are harmful to the health, safety and welfare of the community. Since the Township had made no attempt to so justify its general prohibition of such use, the Ordinance was held unconstitutional and the decision of the North Whitehall Township Zoning Hearing Board was reversed.

The Township's appeal to the Commonwealth Court produced the same result. The court recognized appellees' proposed use as a separate and distinct use from mobile home parks, and held that the Ordinance's token special exception for mobile homes on individual lots was equivalent to a total prohibition of such use. Since the Township failed to prove that the regulation of this legitimate land use bore a relationship to the public health, safety, and welfare, the court held the Ordinance to be unconstitutionally exclusionary.

Upon petition we granted allocatur to review the Commonwealth Court's order.

Our review of the record leads us to agree with the lower courts, that the Zoning Hearing Board erred in denying appellees' proposed land use. However, this conclusion derives from a different analysis than that employed by the lower courts. Those courts perceived the issue as whether a mobile home on an individual lot constituted a separate use which was improperly excluded from Agricultural/Rural Residential districts by the Ordinance. We, on the other hand, view the issue as whether the Township unconstitutionally discriminates against certain types of dwelling units

based on arbitrary and capricious distinctions in the Ordinance.

The North Whitehall Township Zoning Ordinance contains separate definitions for single family detached dwellings and "mobile homes," although both are subcategories of the generic category "dwelling." A single family detached dwelling is defined in pertinent part:

A building, except a mobile home, commonly known as a single family house, designed for and occupied exclusively as a residence having (i) only one dwelling unit from ground to roof, (ii) independent outside access and (iii) open space on all sides.

Ordinance, Appendix A–31–2. A mobile home is defined as follows:

A single family detached dwelling unit manufactured in one complete section, designed for long-term occupancy containing sleeping accommodations, a flush toilet, a bath or shower, kitchen facilities, with plumbing and electrical connections provided for attachment to outside systems; and designed to be transported, after fabrication, on its own wheels, or on flatbed or other trailers; arriving at the site where it is to be occupied as a complete dwelling, which may include major appliances and furniture, and ready for occupancy except for minor and incidental unpacking and assembly operations. For purposes of this Ordinance, modular and sectional dwelling units and travel trailers are not considered as mobile homes.

Ordinance, Appendix A–31–3. The Ordinance also includes the following definition of "sectional" or "modular" house:

A single family detached dwelling unit manufactured in two or more sections designed for permanent occupancy, and transported to a building site in sections which are fastened together and mounted on a permanent foundation ready for occupancy except for minor and incidental unpacking and assembly operation. For purposes of this Ordinance, modular or sectional dwelling units include prefabricated and other similar types, but mobile homes and travel trailers are not considered as modular or

sectional dwelling units. For purposes of this Ordinance, modular or sectional dwelling units may be single family detached, single family attached or multi-family dwellings.

Ordinance, Appendix A–66.

Section 204.2.4 of the Ordinance permits single family detached dwellings, including sectional homes, as a matter of right in Agricultural/Rural Residential ("AR") districts. Because the Ordinance limits permissible uses to those specifically provided by the terms of the Ordinance,[2] mobile homes are effectively excluded from "AR" districts.[3]

We find that the distinctions drawn between single family detached dwellings, mobile homes, and sectional homes, by their respective definitions do not justify the exclusion of appellees' proposed dwelling from "AR" districts.

Mobile homes and sectional homes are both defined as "single family detached dwelling" units. The only difference between mobile homes and single family detached dwellings is that mobile homes are "manufactured in one complete section" and are "designed to be transported, after fabrication, on its own wheels, or on flatbed or other trailers" to its site. In this vein it is significant that sectional homes, which are permitted in "AR" districts, are manufactured in two or more sections which are fastened together on site and mounted on a permanent foundation.

**2.** Section 201.1 of the North Whitehall Township Zoning Ordinance limits permissible uses in each zoning district to those uses specifically provided in the Ordinance for such districts. In no district are mobile homes permitted by right. In the zoning district in which appellees land is located, Agricultural/Rural Residential, mobile homes are permitted when authorized as a special exception by the Zoning Hearing Board. Section 204.3.

**3.** The Township does not dispute the Commonwealth Court's conclusion that the special exception for disabled dependent relatives is mere "tokenism" and equivalent to a total prohibition of mobile homes on individual lots. *Geiger v. Zoning Hearing Board of the Township of North Whitehall,* 85 Pa.Cmwlth. 362, 366, 481 A.2d 1249, 1251 (1984). Although mobile home parks are permitted in "AR" districts by a more substantive special exception, they are recognized by both the Ordinance and by the decisional law of Pennsylvania as distinct and separate land uses. *See* footnote 4, *infra.*

The Zoning Hearing Board has not advanced, nor do we perceive, any justification for excluding homes manufactured in one complete section, while permitting homes manufactured in two or more sections or constructed on-site. The only other notable distinction contained in the Ordinance, i.e., mounting on a permanent foundation, while possibly a legitimate basis for excluding a structure without such, is not present under the facts of this case.

The only thing "mobile" about the home appellees propose to affix to their land is that it will be wheeled to the site for permanent installation. At the second hearing before the Zoning Hearing Board, Mr. Geiger testified that he planned to permanently affix the mobile home to the ground by placing eight concrete pillars below the frost level with cement blocks on top upon which the home would rest. Pillars would be placed at the end of the structure to anchor it to the ground. He planned to put skirting around the home and plant shrubbery around the front. (Transcript 7/13/82, at 16–17.) He planned to remove the wheels and the hitch from the home once located at the proposed site. In addition, the home would have its own connections for water, sewer, electricity and telephone. (Transcript 7/13/82 at 18–19.) Obviously this was not a home that could leave by turning on the ignition.

This Court has held that it is arbitrary to apply the classification of "mobile home" or "trailer" to a structure which, once improved, will not in fact be a mobile home or trailer either as defined by the local zoning Ordinance or *by common sense. Anstine v. Zoning Board of Adjustment,* 411 Pa. 33, 190 A.2d 712 (1963).

In *Anstine,* the local ordinance prohibited the location of trailers or mobile homes within an "R-Residential" district except in an authorized trailer camp. The appellants applied for a variance to continue to use and occupy a mobile home as a residence in an "R-Residential" district and to improve it. They requested permission to remove the wheels and permanently affix the structure on a concrete block foundation rendering the home immobile. They

planned a cement patio with a two foot high wall and an awning. The home was equipped with city water facilities, electricity, telephone, a septic tank and fuel oil heating unit. The zoning board of adjustment denied the variance because appellants had failed to show that the ordinance would work an unnecessary hardship upon them. The court of common pleas sustained the refusal of the variance and the validity of the ordinance. After reviewing the evidence, this Court concluded:

> Setting aside for the moment all niceties of definition, appellants' request envisions the maintenance of a permanent and immobile house within this residential area ...
>
> The Township was presumptively acting within its delegated power when it classified mobile-homes differently than conventional homes. The record before us, however, does not show, directly or indirectly, any substantial reasons for this differentiation in classification and the evidence shows clearly a condition free from health or safety hazards. The facilities in this home and its physical structure are clearly adequate and any dangers inherent in this dwelling would most likely be found in a conventional home of the same dimensions. If this is so, the zoning ordinance should apply to all dwellings of the same or similar size, irrespective of any differences in basic construction.... The instant record, patently, does not show that the maintenance of this mobile home permanently affixed to the realty will be inimical *in any manner* to the health, safety, or morals of its occupants or to the possessor of adjoining property in an "R-Residential" District. This Court may not speculate as to the Township's reasons underlying this special classification, but, in the absence of any evidence thereof, we are bound to hold that his classification as it pertains to appellants' requested improvement is arbitrary and discriminatory and unrelated to the police powers of the Township legislative body.

*Id.* 411 Pa. at 40–41, 190 A.2d at 716.

The appellees in the instant case have similarly requested permission to permanently affix a mobile home to their

realty and make improvements rendering the structure immobile. We recognize this proposed structure as a legitimate land use.[4]

It is well established that the burden of any challenge to the constitutionality of a zoning ordinance must in the first instance rest upon the challenger. *Layne v. Zoning Board of Adjustment*, 501 Pa. 224, 460 A.2d 1088 (1983). However, we have previously recognized that that burden can be met by showing that the distinctions contained in the ordinance are arbitrary and/or unreasonably discriminatory. *See Gratton v. Conte*, 364 Pa. 578, 73 A.2d 381 (1950).

In this case the Township has failed to show any logical basis for the distinctions drawn by the Ordinance. The record lacks evidence of any reason or justification for classifying an immobile, single section dwelling structure, permanently affixed to the realty, differently than a conventional on-site built home or a multi-section dwelling structure. Additionally, the record fails to show that the maintenance of this home will in any manner adversely affect the health, safety, morals or general welfare of the community. Rather the record establishes, by way of stipulation, that the proposed home meets all of the technical requirements of the Ordinance with respect to setback, lot size, rear yard, etc., imposed in "AR" districts for a single family detached dwelling. Furthermore, we refuse to presume that the style or design of this type of home, *per se*, detracts from the aesthetic characteristics of the community. *Anstine, supra.*

Since we can find no legitimate basis justifying the Township's exclusion of dwelling units from an "AR" district, merely because the units were wheeled onto the premises

---

4. *Anstine v. Zoning Board of Adjustment*, 411 Pa. 33, 190 A.2d 712 (1963). There is also a body of Commonwealth Court precedent which recognizes mobile home parks and mobile homes on individual lots as separate and distinct legitimate uses in residential districts. *See Environmental Communities of Pennsylvania, Inc. v. North Coventry Township*, 49 Pa.Cmwlth 167, 412 A.2d 650 (1980); *Whitemarsh Township v. Kravitz*, 39 Pa.Cmwlth. 306, 395 A.2d 629 (1978); *Meyers v. Board of Supervisors of Lower Makefield Township*, 38 Pa.Cmwlth. 578, 394 A.2d 669 (1978).

prior to being permanently affixed, we are bound to hold that the classification and exclusion as they pertain to appellees' requested land use are arbitrary, capricious, beyond the Township's legitimate exercise of its police power, and therefore unconstitutional.

Accordingly, we affirm the order of the Commonwealth Court.

LARSEN, J., files a concurring opinion.

HUTCHINSON, J., joins in the majority opinion and files a separate concurring opinion.

PAPADAKOS, J., concurs in the result.

LARSEN, Justice, concurring.

I agree with the majority that North Whitehall Township's zoning ordinances which prohibit the placement of mobile homes on individual lots within the Township are unconstitutional.

However, I see no reason for the majority to alter the posture of this litigation and derive the conclusion of unconstitutionality "from a different analysis than that employed by the lower courts." Maj. op. at 234. While the majority might be correct that the Township's zoning distinction between the placement of mobile homes on individual lots, a prohibited use, and the placement of sectional or modular homes on individual lots, a permitted use, is an arbitrary and capricious distinction, I am uncomfortable with this "different analysis" because nowhere has it been espoused by the parties to this proceeding or by the lower courts.[1]

---

1. The majority observes that the "Zoning Hearing Board has not advanced ... any justification for excluding homes manufactured in one complete section, while permitting homes manufactured in two or more sections...." Maj. op. at 364. This is not surprising since the Geigers, appellees, did not challenge the validity of the Township's distinction between mobile homes and sectional homes, and it is unfair, therefore, to penalize the Township for failing to advance justifications for this particular classification or distinction. *See Dilliplaine v. Lehigh Valley Trust Co.,* 457 Pa. 255, 322 A.2d 114 (1974).

Throughout these proceedings, from the Zoning Hearing Board proceedings to briefs and oral argument before this Court, the Geigers, appellees, have challenged the constitutionality of the zoning ordinances on the grounds that the prohibition of mobile homes on individual lots was a total exclusion of a legitimate use and that this exclusion coupled with allowance of mobile homes in mobile home parks created an arbitrary and capricious classification, which classification did not bear a substantial relationship to the health, safety or welfare of the community. Throughout these proceedings, the appellant Township has responded to *this challenge.* In its brief before this Court, the Township summarizes its position, stating:

The Geigers have not met their heavy burden of proving that the Township Zoning Ordinance is unconstitutional insofar as it restricts mobile homes to mobile home parks. This regulation is neither exclusionary, arbitrary, unreasonable, nor confiscatory, but rather reflects proper considerations of the public health, safety, and general welfare. The Township recognizes and provides for the usage of "mobile homes" in its Zoning Ordinance; its general limitation of mobile homes to groupings of them in mobile home parks is a legitimate and reasonable regulation of that use.

Based upon this presentation and posture of the litigation, the lower courts have resolved the issue in favor of appellees. The Court of Common Pleas of Lehigh County, per the Honorable David E. Mellenberg, held that:

The law is clear in this Commonwealth that a municipality cannot constitutionally ban a legitimate use of property without proof that such use is harmful to the public health, safety and welfare. (citations omitted) ... [M]obile homes on individual lots are a separate and distinct use from mobile homes in mobile home parks. North Whitehall Township cannot forbid mobile homes on individual lots, a clearly legitimate use, without demonstrating that they are harmful to the health, safety and

welfare of the community. There has been no attempt by the Township to do this....

On appeal to Commonwealth Court, the Township argued that the court of common pleas erred in finding that mobile homes on individual lots were a separate and distinct use from mobile homes in parks, a finding which had the effect of shifting the burden to the Township to demonstrate the justifications for such a distinction. In affirming the lower court, President Judge James Crumlish, Jr., writing for the majority, stated:

This is a case of first impression before this Court. The central issue is whether the zoning ordinance, by restricting the use of mobile homes to mobile home parks, unconstitutionally excludes the placement of mobile homes on individual lots.

A constitutional challenge to a zoning ordinance must overcome a presumption of validity by proving that the ordinance entirely excludes a legitimate use; the burden then shifts to the municipality to show that the exclusion reasonably relates to public health, safety and welfare. *Beaver Gasoline Co. v. Osborne Borough*, 445 Pa. 571, 285 A.2d 501 (1971).

The Township contends this ordinance is not exclusionary and that "mobile home" as a use is a term of art with a generic meaning. This Court has recognized mobile homes (on individual lots) and mobile home parks as separate and distinct land development uses. (citation omitted) ...

* * * * * *

... North Whitehall Township provides specifically for the development of mobile home parks, yet totally excludes mobile home placement on individual lots. The only provision for mobile homes on individual lots stems from a restrictive special exception to the total ban by the Township. Although not specific, the zoning ordinance effectively excludes mobile homes on individual lots in the municipality by restricting the use of mobile homes to mobile home parks.... We hold that this token special

exception is *equivalent to a total prohibition of mobile homes on individual lots, a legitimate land use.* "When it is demonstrated that an ordinance entirely excludes a facially legitimate use, the presumption of validity is rebutted; and the municipality must then present evidence to establish that its regulation bears a relationship to the public health, safety and welfare." (citations omitted)

I agree with the lower courts that the Township's ban on placement of mobile homes on individual lots is equivalent to a total exclusion shifting the burden to the Township to demonstrate the requisite nexus (substantial relationship) between the classification created by its ordinances and the public health, safety and welfare. Moreover, even if we accepted the Township's argument that there was not a total exclusion sufficient to rebut the presumption of constitutionality and shift the burden to the Township, appellees would still prevail because they presented sufficient, competent evidence to demonstrate that the classification was arbitrary and capricious in that it did not bear a substantial relationship to the public health, safety and welfare. In either event, the burden became the Township's to demonstrate legitimate justifications for the classifications created by the ordinance and challenged by appellees, and the Township utterly failed to carry that burden.

We granted allocatur in this case primarily to address the "central issue" whether a zoning ordinance which allows mobile homes in mobile home parks but not on individual lots amounts to a total exclusion of a legitimate use. This issue has caused some confusion in the lower courts.[2] In employing a "different analysis" from that of the litigants

2. *See, e.g., Meyers v. Board of Supervisors,* 38 Pa.Cmwlth. 578, 394 A.2d 669 (1978); *Environmental Communities of Pennsylvania, Inc. v. North Coventry Township,* 49 Pa.Cmwlth. 167, 412 A.2d 650 (1980); *Board of Supervisors v. Moland Development Co.,* 19 Pa.Cmwlth. 207, 339 A.2d 141 (1975); *Whitemarsh Township v. Kravitz,* 39 Pa.Cmwlth. 306, 395 A.2d 629 (1978). *But cf., Gravatt v. Borough of Latrobe,* 44 Pa.Cmwlth. 475, 404 A.2d 729 (1979), *appeal dismissed* 491 Pa. 424, 421 A.2d 210 (1980) *and County of Fayette v. Holman,* 11 Pa.Cmwlth. 357, 315 A.2d 335 (1973).

and the lower courts, the majority has ducked the issue for no apparent reason, and has done little to remedy the confusion. Accordingly, I would affirm the lower courts on the basis of the Commonwealth Court's opinion in this case.

HUTCHINSON, Justice, concurring.

I join the majority opinion. That opinion implicitly recognizes the important distinction in exclusionary zoning cases, between equal protection which is applicable when people are being excluded and substantive due process which is applicable when, as in the instant case, the rights of landowners are being affected.