537 A.2d 941

Environmental Communities of Pennsylvania, Inc., Appellant *v.* North Coventry Township, Appellee.

Argued October 3, 1979, before Judges CRUMLISH, JR., WILKINSON, JR., and MENCER, sitting as a panel of three. Reconsideration held November 17, 1987, before President Judge CRUMLISH, JR., Judge BARRY and Senior Judge BARBIERI, sitting as a panel of three.

*Mark C. Clemm, High, Schwartz, Roberts ·& Seidel,* for appellant.

*Robert J. Sugarman, Sugarman & Cohen,* for North Coventry Township.

*Timothy F. Hennessey,* Solicitor, for North Coventry Township Board of Supervisors.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR.. February 18, 1988:

We granted North Coventry Township's request for reconsideration of an order[1] granting Coventry Village Associates' (CVA) (successor in interest to Environmental Communities of Pennsylvania, Inc.) motion for enforcement of our February 1, 1980 Order:

> And Now, this 1st day of February, 1980, the order of the Court of Common Pleas of Chester County, dated December 1, 1977, is hereby vacated, and it is ordered that the entire matter be remanded to the Court of Common Pleas of Chester County for the purpose of reviewing the plans and specifications presented by Environmental Communities of Pennsylvania so as to permit the landowner to proceed with its proposed development, subject to all of the other reasonable zoning regulations applicable to the type of development involved.

*Environmental Communities of Pennsylvania, Inc. v. North Coventry Township,* 49 Pa. Commonwealth Ct.

---

[1] Order of August 5, 1987, at No. 66 C.D. 1978.

167, 170, 412 A.2d 650, 652 (1980). This Order was entered upon a determination that North Coventry Township's zoning ordinance unconstitutionally excluded mobile home parks.

No apparent action was taken by Environmental Communities for some time. Subsequently, in 1985, CVA entered into an agreement of sale for the properties and commenced its efforts with the Township to effect rules and regulations for a mobile home park development. CVA submitted a series of modifications to the Township's proposed ordinance, which was ultimately adopted in July 1985 without any of CVA's proposed changes.

When CVA's development plan applications were rejected for the second time by the Township as not conforming to the 1985 ordinance, CVA appealed the decision to the Chester County Common Pleas Court and simultaneously petitioned that court for a hearing to review its plan.[2] CVA then sought enforcement of this Court's 1980 Order. It is our Order granting CVA's enforcement motion which we are now called upon to reconsider.

Pa. R.A.P. 2591(b) states that "[a]t anytime, upon its own motion or upon application, an appellate court may issue an appropriate order requiring obedience to or otherwise enforcing its judgment or other order." This rule places no time limit on a party seeking enforcement. However, we must conclude that a motion brought almost seven years[3] since the underlying order

_____

[2] CVA's appeal of the common pleas court's denial of its hearing request is now pending before this Court at No. 3708 C.D. 1986.

[3] No action was taken in this Court from October 29, 1980, when our Supreme Court declined to reconsider its denial of Environmental Communities' appeal, until March 19, 1987, when CVA filed its motion for enforcment.

was entered does not present a compelling case for granting such relief, particularly when the party against whom it is sought in the interim has enacted "zoning regulations applicable to the type of development involved."

The record[4] indicates that CVA did attempt to resolve this matter without resort to litigation. It approached the Township with suggested modifications to the Township's proposed ordinance, met with officials, and submitted two plans after the ordinance was duly enacted. However, it is also apparent that the matter lay dormant; for whatever reason, from 1980 until at least 1984 and that CVA did not challenge the reasonableness of the mobile home park ordinance when the Townhip first rejected its plan under that ordinance. Section 1004 of the Municipalities Planning Code, 53 P.S. §11004.

CVA maintains, however, that its development is not subject to the 1985 ordinance under the pending ordinance doctrine.[5] Nonetheless, it appealed the Township's decision rejecting for the second time its proposed development while simultaneously initiating a separate proceeding in the common pleas court to commence hearings pursuant to the remand Order. As previously noted, the common pleas court's denial of CVA's hearing request is currently on appeal to this Court. We believe that under these circumstances— given the developer's inaction and its pending appeals —enforcement of our prior Order is not warranted.

---

[4] Three days of hearings were held in May 1987 on CVA's enforcement motion and the Township's motion to dismiss it.

[5] *Casey v. Zoning Hearing Board of Warwick Township*, 459 Pa. 219, 328 A.2d 464 (1974). CVA argues that, because the 1985 mobile home park ordinance was not considered or advertised prior to plan application, the regulations adopted therein do not apply.

Accordingly, upon reconsideration, we vacate this Court's Order of August 5, 1987, and deny CVA's motion for enforcement.

ORDER

Upon consideration of appellee North Coventry Township's request for reconsideration of this Court's August 5, 1987 Order in the above-captioned matter, it is hereby ordered that said enforcement Order is vacated and appellant Coventry Village Associates' motion for enforcement is denied.

Appellant is directed to comply with this Court's Order of June 2, 1987, at No. 3708 C.D. 1986; and shall file its brief and reproduced record (fifteen (15) copies) in that matter within thirty (30) days of this date.